CLARENCE MARSH AND P. J. OLSEN, APPELLANTS, *v.* H. G. MATHIAS, J. M. WHITMORE, E. S. HORSLEY, A. W. HORSLEY, J. H. PACE, A. BILLINGER, PRICE TRADING COMPANY, AND PRICE WATER COMPANY, RESPONDENTS.

*De Facto* CORPORATION — WHAT ACTS SUFFICIENT TO CONSTITUTE. CORPORATE EXISTENCE OF *De Facto* CORPORATION — QUESTIONED BY STOCKHOLDERS — ESTOPPEL. *Bona Fide* ATTEMPT TO CREATE CORPORATION — EXISTENCE *De Facto* — COLLATERAL ATTACK. BY-LAW ACQUIESCED IN — PRESUMED REGULAR.

1. *De Facto Corporation — What Acts Sufficient to Constitute.*

Where, in an attempt to form a corporation, certain parties enter into an agreement, in which is set forth the name and object of the corporation and the time of its duration, the amount of capital stock and the par value of each share, that private property of stockholders shall not be liable for debts of the corporation, the place of its general business, and which provides for the election, qualification, and removal of officers, and the making and amending of by-laws; and the agreement is accompanied by an affidavit of four of the signers that each party has paid, or is able to and will pay the amount of his stock, and that it is *bona fide* their intention to commence

and carry on the business mentioned; that the agreement was filed with the county clerk; and that the concern commenced operations immediately and ever since has carried on the business mentioned in the agreement, the concern is a *de facto* corporation although Secs. 2267, et seq. C. L. U. 1888 were not fully complied with.

2. *Corporate Existence of De Facto Corporation — Questioned by Stockholders — Estoppel.*

Where parties are stockholders in a *de facto* corporation; have dealt with it since its organization; have recognized its powers and acquiesced in the exercise thereof, for a large number of years, they are estopped from questioning the rightful existence of such a corporation.

3. *Bona Fide Attempt to Create Corporation — Existence De Facto — Collateral Attack.*

Where there has been a *bona fide* attempt to create a corporation, and an assumption and exercise of corporate functions sufficient to constitute a corporation *de facto*, as a general rule its legal existence can not be called in question collaterally.

4. *By-Law Acquiesced in — Presumed Regular.*

A by-law of a *de facto* corporation which has been acquiesced in an acted upon for a period of more than eleven years by all the stockholders and officers must be presumed to have been regularly and duly adopted.

(Decided April 28, 1899.)

Appeal from the Seventh District Court, Carbon County, Hon. Jacob Johnson, *Judge.*

Action by plaintiffs as stockholders of the defendant, Price Water Company to have it adjudged and determined that said company is not a corporation, and that the stockholders thereof are the owners of a certain ditch and property as tenants in common according to their ownership of stock therein; the ditch and property having been operated and used by the company.

From a judgment of non-suit plaintiffs appeal.    *Affirmed.*

*Messrs. Moyle, Zane & Costigan,* for appellants.

Here the various requirements, which were omitted, are absolutely necessary before a corporation can be formed. If there had been a substantial compliance with the law, or any real compliance, the case would have been different. But the parties never filed their articles and never obtained a certificate. They did not acknowledge their article sbefore the probate judge, nor did they all comply with the provisions as to ten per cent of the stock being paid in. The law is peremptory upon this point. Nothing whatever was paid in. Article 4 of the so-called constitution absolutely disproves that anything was paid.

The ten-per-cent provision was one necessary to be complied with, and the failure to do so made the whole articles of agreement nugatory. *Hibernia T. Corp.* v. *Henderson,* 8 S. and R., 219; *Goshen T. Co.* v. *Hurtin,* 9 Johns., 217; *Highland T. Co.* v. *McKean,* 11 Johns., 98; *Dutchess Cot. Mfg. Co.* v. *Davis,* 14 Johns., 238; *People* v. *Chambers,* 42 Cal., 201; *State Ins. Co.* v. *Redmond,* 1 Mc Crary, 308.

As to the claim made that plaintiffs Marsh or Olsen have acquiesced in these matters and can not object, we invoke the ordinary rule as to estoppels, which is that a party to be estopped must have knowledge of the facts. The plaintiff Marsh never had any knowledge of the facts until the latter part of 1897, and suit was soon brought. *Eaton* v. *Walker,* 76 Mich., 579; 1 Thompson on Corp., Sec. 526, p. 385.

*Messrs. Williams, Van Cott & Sutherland,* and *Messrs. Rawlins, Thurman, Hurd & Wedgwood,* for respondents.

The Price Water Company is a corporation *de facto,* and plaintiffs being stockholders and having participated in its acts are estopped from attacking it.

The foregoing proposition is supported by a vast number of authorities which will be found collected in an exhaustive note. 33 Am. St. Rep., 181; *Clay Co.* v. *Harvey*, 9 Utah, 509; *Kilpatrick-Koch Dry Goods Co.* v. *Box*, 13 Utah, 499, on p. 501; *Sanger* v. *Upton*, 91 U. S., 56, on p. 64; 1 Thomp. on Corp., Secs. 495, 501, 503, 505, 507; Cooley on Const. Lim., 254 (4th ed., p. 312); *Humphreys, etc.,* v. *Mooney*, 5 Colo., 282.

But even if the Price Water Company was neither a corporation *de jure* nor *de facto*, the plaintiffs by their acts and conduct, as stockholders and members of the corporation, have estopped themselves from denying the corporate existence. 1 Thomp. on Corps., Secs. 518, 521, 522, 523; *Kilpatrick-Koch Dry Goods Co.* v. *Box*, 13 Utah, 501; Cook on Stock and Stockholders, Sec. 637; 2 Mor. Priv. Corps., Sec. 756.

BARTCH, C. J.

The plaintiffs are stockholders of the defendant Price Water Company, and brought this action to have it adjudged and determined that such company is not a corporation, and that the stockholders thereof are the owners of a certain ditch and property, as tenants in common, according to their ownership of stock therein, the ditch and property having been operated and used by the company. Among other things, there is also a prayer for equitable relief because of various alleged acts of fraud and illegality on the part of the directors and majority stockholders. At the trial, upon the plaintiffs' resting their case, the court, on motion of counsel for the defendants, granted a non-suit, and entered judgment accordingly. This action of the court is assigned as error. The first question presented is whether the Price Water Company is a corporation. The appellants insist that it

is neither a corporation *de jure* nor *de facto*, and that they are not estopped from attacking its corporate existence. As affecting this question, it was alleged in the complaint that, on February 8, 1884, certain parties, upon entering into negotiations looking toward the formation of a corporation, drew up a certain paper, consisting of various articles, which was called a constitution, and which fixed the name of the association as the Price Water Company. Then, after stating that the paper, or constitution, contained various articles required by the statute relating to corporations, it is alleged as follows: "That said constitution did not provide for any subscription to stock, and contained no subscription of stock by any one, nor did the same declare the business or pursuit of the association, nor did the same contain any oath or affirmation as required by law that any stock to any amount had been paid in, nor was the same acknowledged; that no certificate as required by law was ever issued, nor was any copy of the articles filed with the secretary of the then Territory of Utah, as required by law, nor did the said association ever become a corporation, nor was any certificate of incorporation ever issued to said association.

"That, notwithstanding the premises the said association did enter on business as an irrigation company for the building of a canal, and for the purpose of distributing water to its various stockholders, and these plaintiffs and all other of its so-called stockholders took part in the said association and gave to it their money and water rights and labor solely for the purpose of having water distributed to them as stockholders, and with the purpose of paying for the distribution of water by the assessments levied to pay the expenses therefor."

In support of the allegations respecting the defects in

the organization of the company, the plaintiffs, at the trial, introduced in evidence the paper referred to, or article of incorporation. To these articles of agreement, as they were designated when admitted in evidence, were signed the names of six persons, and the name of the corporation and the time of its duration were stated. The object and business of the corporation were declared to be to convey water for irrigation and other purposes, in a canal or canals which are therein described. The maximum amount of capital stock was designated, and the par value of each share fixed. The agreement contains a clause that the private property of the stockholders shall not be liable for the debts of the corporation, and designates the several officers, provides for their election and qualification, and declares where the general place of business shall be. It provides for filling vacancies, for the removal of officers, and for the making and amending of by-laws. Following the signatures of the incorporators is a list showing the amount of stock subscribed for by each, and an affidavit that each party has paid or is able to and will pay the amount of his stock, and that it is *bona fide* their intention to commence and carry on the business mentioned in the agreement. This is signed by four of the incorporators, and then is attached thereto the jurat of Job H. Whitney, clerk of Emery County, in which he mentions the four persons who signed the affidavit, and states that they "made oath to the foregoing." In witness whereof he declares that he set his hand and seal of the county court thereto on Feb. 14, 1884. It further appears from the paper admitted in evidence, as the articles of agreement, that it was recorded on Feb. 28, 1884, but the statement as to recording is signed by "Job H. Whitney, recorder," who, as may be seen, designated himself in the affidavit as "county clerk." This would seem to

indicate an error on the part of the clerk in designating himself recorder, and, in the absence of any proof showing that the paper was in fact filed with the recorder, we must assume that it was filed with the county clerk as provided by statute.

Such appear to be the provisions of the articles of agreement, as shown by the paper in question, and an examination of these provisions with the complaint, shows that the material allegations affecting the corporate existence of the company are not well supported by the proof. It is true the articles of agreement were not drawn up in a skillful and artistic manner, nor were the requirements of the statute (Secs. 2267, *et seq.*, C. L. U. 1888) under which the corporation was organized, in all respects fully complied with, but while some formal defects may exist, the articles of agreement show at least a colorable compliance with the law, and indicate an honest effort on the part of the incorporators to organize the corporation in accordance with the forms of law. Such effort was admittedly followed by immediately commencing the business mentioned in the articles of agreement, and the operations have been carried on ever since, as shown by the proof. Under these circumstances, the corporation has at least a *de facto* if not a *de jure* existence. Whether there are such defects in the organization as would render it vulnerable to an attack by the State itself, is a question not necessary for us to decide in this case. It is sufficient to say that the appellants have made no showing which entitled them to a holding that the Price Water Company has no legal existence, or that the stockholders are owners of the corporate property, as tenants in common.

Moreover, where, as in the case at bar, there has been such a *bona fide* attempt to create a corporation, and in like good faith such an assumption and exercise of corpo-

rate functions, as to constitute a corporation *de facto*, the legal existence of the corporation can not, as a general rule, be inquired into collaterally, even though there be an absence of compliance with some of the legal formalities.

So, where as shown by the evidence in this case, the complainants are stockholders, and have dealt with the corporation since its organization, and have recognized its powers and acquiesced in the exercise thereof, for a large number of years, they are estopped from questioning in such a proceeding as this the rightful existence of the corporation.

In *Clay Co.* v. *Harvey*, 9 Utah, 497, where a somewhat similar question was considered, this court, speaking with reference to the defendant, said : " By his acts and assent he recognized the company as a *de facto* corporation. He must therefore be held to have waived his legal rights in the premises, and to be estopped from denying its rightful existence."

So, in *Kilpatrick-Koch Dry Goods Co.* v. *Box*, 13 Utah, 494, this court observed : " The plaintiff was alleged in the complaint to be a corporation under the laws of Nebraska. This allegation the defendant denied in his answer. This denial imposed upon the plaintiff the burden of proving its corporate existence. But it was only necessary to prove a corporation *de facto*. If there was a law, general or special, authorizing such a corporation, a colorable organization, with proof that it acted as such, would be sufficient. Or a party may be bound by his admissions of the corporate existence of the opposite party. If he deals with a corporation *de facto*, and receives the benefit of such transaction, he will not be heard to deny that the party was a corporation, and thereby defeat a recovery against him."

In *Sanger* v. *Upton*, 91 U. S., 56, it was said: "Where there are defects in the organization of a corporation which might be fatal upon a writ of *quo warranto*, a stockholder who has participated in its acts as a corporation *de facto* is estopped to deny its rightful existence." 1 Thomp. Corp., Secs. 496, 499, 501, 502, 521; Cooley Const. Lim. (6 ed.), 309, 310; *Hasselman* v. *United States M. Co.*, 97 Ind., 365; *People* v. *Montecito Water Co.*, 33 Am. St. Rep., 181; *Commissioners, etc.*, v. *Bolles*, 94 U. S., 104; *Humphreys, etc.*, v. *Moomey*, 5 Colo., 282.

The appellants also contend that, because of acts of fraud and illegality committed by the corporation, they are entitled to equitable relief, and it is insisted that the by-laws were fraudulently altered. The articles of incorporation provide that "all by-laws may be altered or amended at any regular meeting of the stockholders by a vote of two thirds of the stock."

As shown by the evidence, the by-laws originally proprovided: "Water shall be distributed according to the stock each man holds." At a meeting of the stockholders, held October 24, 1886, this by-law was amended so as to provide that "the use of water shall be charged for and a dividend be paid on the stock." Whether this amendment was carried by a two-thirds vote does not clearly appear from the proof, and the appellants maintain that it was not. The minutes of the meeting simply show that the amendment was "carried." The by-law, as amended, however, is found in the records of the corporation, and has been acted upon and acquiesced in for a period of more than eleven years before the bringing of this action. It appears that at each annual meeting of the stockholders a statement was presented showing how much had been taken in for water and how much had

been paid out for labor.    The appellants were stockholders of the corporation from the time of its organization, and one of them, Olsen, it seems, was present at a stockholders' meeting in 1886, when an amendment to the by-laws, of which they now complain, was passed, and voted for the amendment, and that appellant Marsh was present at the stockholders' meeting held November . 5, 1887, and expressed himself "well pleased with the proceedings." Whether any of the individual respondents, having since become directors, were present at either of those meetings, does not appear.    The amended by-law, in question here, has been uniformly acted upon and enforced since its adoption.    Under all these circumstances we must presume that it was regularly and duly adopted, and the proof fails to show that the directors of the corporation acted fraudulently or illegally in enforcing its provisions.

For like reasons, we are of the opinion that the amendment of the by-law, respecting assessments and extension of canals, can not avail the appellants in this action.

Upon careful examination of the pleadings and of all the evidence presented in the abstract, we conclude appellants have failed to show any right of recovery.    The non-suit was, therefore, properly granted.

The judgment is affirmed with costs.

MINER, J., and BASKIN, J., concur.