GEORGE C. WHITMORE, Appellant, v. THE PLEASANT VALLEY COAL COMPANY, a Corporation, JAMES BOWENS, ARTHUR E. GIBSON and WILLIAM G. SHARP, Respondents.

No. 1437.    (75 Pac. 748.)

1. **Public Lands: Right of Way for Ditch: Rights of Owners of Fee.**

   Under Act March 3, 1901, chapter 561, 26 Statute 1095, (U. S. Compiled Statutes 1901) forbidding the occupancy of a right of way over public lands acquired under the act for a ditch except for the purpose of the ditch, and then only so far as may be necessary for the construction, maintenance, and care thereof, the acquirement of such right of way gives the owner no right to erect a saloon thereon.

2. **Same: Erection of Saloon.**

   The owners of land, deriving title from the government subject to such right of way, in directing their servants to remove and they in removing, from the right of way, building material intended to be used in the erection of a saloon thereon by the owner of the right of way, so long as no unnecessary damage is done thereto, are acting within their rights.

3. **Same: Removal of Material.**

   An owner of land subject to such right of way is not bound to wait until the erection and completion of the building intended to be built thereon for saloon purposes by the owner

of the right of way, before taking action; but, the material having been placed there for a wrongful purpose, and without the owner's consent, the owner has the right to remove it forthwith.

(Decided February 18, 1904.)

Appeal from the Seventh District Court, Carbon County.—*Hon. Jacob Johnson*, Judge.

Action for the conversion of certain building material. From a judgment in favor of the defendants, the plaintiff appealed.

AFFIRMED.

*Messrs. Henderson, Pierce, Critchlow & Barrette* for appellant.

*Messrs. Sutherland, Van Cott & Allison* and *E. A. Wedgwood, Esq.*, for respondents.

BARTCH, J.—In this case the plaintiff claims the defendants unlawfully converted some of his building material to their own use, and seeks to recover damages therefor. From the record it appears that, after the plaintiff had interposed his evidence, a nonsuit was granted as to the defendants Pleasant Valley Coal Company and William G. Sharp, and the trial proceeded with as to the other defendants. It further appears that on, and after some time prior to, March 9, 1901, the Utah Fuel Company owned certain coal lands in Carbon county, Utah, including the southwest quarter of section 32, township 14 south, of range 14 east, Salt Lake meridian, and was developing the Sunnyside coal mine on the land; that the Grassy Trail creek flows down a canon, and through that quarter section; that the plaintiff owned some land further down the stream than the coal land, which he irrigated from that creek, having previously appropriated all the water of the stream for that purpose; that, long before the date above mentioned, he acquired a right of way for a ditch along the stream,

and through the quarter section of coal land, to convey
the water to his land, and had constructed a pipe line
for that purpose over the quarter section; that the fuel
company's agent had charge of its coal lands and mine;
that about March 8, 1901, the plaintiff hauled lumber
and building material, and placed it upon a portion of
said quarter section of coal land embraced within the
right of way for the ditch, for the purpose of erecting
a building upon the right of way to be used for a
saloon; and that on the following day, March 9th,
the defendants Bowens and Gibson, who were servants
of the fuel company, acting under the direction of the
company's agent, removed all the building material
from the place where it had been deposited to a place
beyond the limits of the quarter section, and notified the
plaintiff where it was deposited. Under these facts the
court rendered judgment for costs in favor of these de-
fendants and the plaintiff appealed.

We are of the opinion that the judgment must be
sustained. The appellant claims he first acquired his
right to the use of the water under the United States
laws of 1866, and afterwards his right of way, of
100 feet in width, for a ditch, under the act of Con-
gress approved March 3, 1891; all the land over
which the controversy arose having then been a part of
the public domain. 26 Stat. 1095, c. 561 [U. S. Comp. St.
1901, p. 1535]. That act provides the manner in
which canal or ditch companies or individuals may ac-
quire rights of way over the public lands for canals,
ditches, and reservoirs, by complying with certain
requisites specified in the enactment. Among other
things, section 18 of the act provides "that the right
of way through the public lands and reservations of the
United States is hereby granted to any canal or ditch
company formed for the purpose of irrigation and duly
organized under the laws of any State or Territory,
. . . to the extent of the ground occupied by the wa-
ter of the reservoir and of the canal and its laterals, and

fifty feet on each side of the marginal limits thereof.''
Section 19 provides that, after the compliance with cer-
tain necessary requisites by the claimants of the rights
of way, all public ''lands over which such rights of way
shall pass shall be disposed of subject to such right of
way.''    Section 20, among other things, provides ''that
the provisions of this act shall apply to all canals,
ditches, or reservoirs, heretofore or hereafter con-
structed, whether constructed by corporations, individu-
als, or association of individuals, on the filing of the
certificates and maps herein provided for.''    Section 21
reads:    ''That nothing in this act shall authorize such
canal or ditch company to occupy such right of way ex-
cept for the purpose of said canal or ditch, and then only
so far as may be necessary for the construction, main-
tenance, and care of said canal or ditch.''

From these several provisions of the statute, it will
be noticed that the ditch company or individual that
complies with the necessary preliminaries may acquire a
right of way for a ditch over the public lands for pur-
poses of irrigation, and that thereafter such lands over
which the ditch passes must be disposed of subject to
such right of way.    The rights of way which may thus
be acquired are for the specific purposes of constructing
''canals, ditches, or reservoirs.''    Whether .the pos-
session of such a right of way would entitle the owner
to construct a pipe line thereon is a question deemed un-
necessary to be decided herein, under our view of the
case, and we therefore refrain from expressing any
opinion respecting it.    It is clear that a right of way of
this character constitutes but an easement granted
for, and limited to, the purpose mentioned in the
act, and it gives the owner of the easement no right
to occupy or use the surface of the land embraced within
it for any other purpose than that specified. Such owner
may enter thereon and construct a canal, ditch, or reser-
voir, and after constructing, do all things necessary to
maintain, care for, and operate the same; but, having

merely an easement over, and not the fee in, the land, he has no right to occupy or use it for anything not necessary for the protection and operation of that which he has lawfully constructed thereon. After the right to such an easement has been perfected or acquired in accordance with the provisions of the act, the title to the fee still remains in the United States. Thereafter, upon the land being disposed of by the government, such title passes to the patentee, and he or his grantee may prevent the use of the right of way for any purpose foreign to that for which the easement was granted.

In the case at bar it is clearly shown by the evidence that the appellant had the lumber and material in question hauled and deposited upon the right of way for the purpose of erecting a building thereon, which was to be used for a saloon—a purpose wholly without the plain meaning and intention of the act and laws under which he secured his easement and right to the use of the water of the stream. It is too clear for argument that he had no right whatever to use his right of way for any such unlawful purpose, and that his attempt to so use it was an infringement upon the rights of the owner of the fee. Having thus invaded the domain of the fuel company, the owner of the fee in the soil, by depositing building material upon the land for an unnecessary and illegitimate purpose, that company had the undoubted right to remove such material, without unnecessary damage to it, from its premises; and the defendants Bowens and Gibson, acting as the servants of the company on that occasion, are, in the absence of any showing of unnecessary damage to the material caused by the removal thereof, not liable to the appellant in damages for the performance of that service. Nor was the company bound to wait until the erection and completion of the building before taking any action. The material having been placed there for a wrongful purpose, and without the consent of the company, the company had the right to cause its removal

forthwith.   The appellant has shown no cause for complaint.

The judgment is affirmed, with costs.

BASKIN, C. J., and McCARTY, J., concur.