## UTAH LIGHT & TRACTION CO. v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. November 24, 1915.)

### No. 4370.

1. WATERS AND WATER COURSES ⟨key⟩5—ACQUISITION OF WATER RIGHTS—CONSTRUCTION OF STATUTES.

The provisions of Rev. St. §§ 2339, 2340 (Comp. St. §§ 4647, 4648), confirming rights to the use of water and to the maintenance of canals and ditches on the public lands acquired and which became vested in accordance with local customs and laws, were broad enough to include reservoirs, dams, flumes, pipes, and tunnels; and a corporation which constructed such structures on public lands while those sections were in force is protected in their use, whether or not they had been put into operation, but no right to maintain power houses or transmission lines for electric power on public land could be acquired thereunder, and the right to any further acquisition terminated on the passage of Act May 14, 1896, c. 179, § 2, 29 Stat. 120 (Comp. St. 1913, § 4914), which substituted for such vested easement system the system of obtaining permits from the Secretary of the Interior.

[Ed. Note.—For other cases, see Waters and Water Courses, Dec. Dig. ⟨key⟩5.]

2. CORPORATIONS ⟨key⟩28(2), 29(2)—VALIDITY OF ORGANIZATION—COLLATERAL ATTACK.

Where there is a bona fide attempt to create a corporation and an assumption and exercise of corporate functions, a failure or omission to comply with the provisions of a statute which falls short of justifying a direct proceeding by the state to forfeit the charter, and in the absence of such a proceeding, does not necessarily bar the corporation from asserting its property rights in the courts, and as a rule its legal existence cannot be questioned collaterally.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 78, 79, 2504; Dec. Dig. ⟨key⟩28(2), 29(2).]

Appeal from the District Court of the United States for the District of Utah; J. A. Marshall, Judge.

Suit in equity by the United States against the Utah Light & Traction Company. Decree for the United States, and defendant appeals. Reversed in part.

See, also, 209 Fed. 554, 126 C. C. A. 376.

Graham Sumner, of New York City (R. A. Wilbur, of Salt Lake City, Utah, with him on the brief), for appellant.

William W. Ray, U. S. Atty., of Salt Lake City, Utah, and J. F. Lawson, Asst. Sol. for Department of Agriculture, of Ogden, Utah, for the United States.

Before CARLAND, Circuit Judge, and AMIDON and VAN VALKENBURGH, District Judges.

VAN VALKENBURGH, District Judge. This is a companion case to United States of America v. Utah Power & Light Company, 230 Fed. 328, —— C. C. A. ——, and involves an appeal from the decree of the District Court enjoining the appellant, hereinafter called the defendant, from maintaining and operating its power house, reservoir, pipe lines and transmission lines upon certain land of the appellee, hereinafter called the plaintiff, in Big Cottonwood canyon, Salt Lake county, Utah. These structures are parts of certain hydro-electric power works constructed by the predecessors of the defendant. They are used to generate electric power for the purpose of operating the street car system and electric light system in Salt Lake City, and for sale to various persons and corporations for light, heat and power. These works include two power plants, called the upper or stairs plant and the lower plant. The upper plant was practically completed prior to May 14, 1896, but was not put into operation until June 2, 1896. The lower plant was completed and put into operation on or about December 3, 1896. Of the upper plant, the power house, a portion of the reservoir, and most of the pipe line connecting them are on land of the plaintiff. The remainder of the reservoir and pipe line are on the land of the defendant. Of the lower plant the diverting dam and a portion of the flume are on property of the plaintiff, but the power house, the pipe line and the remainder of the flume are on the land of the defendant. Near the upper power house are two small cottages and outbuildings, claimed by defendant to be necessary for the use of employés engaged in attending to the plant. Defendant further claims that the ground occupied by the power house and cottages is no more than is necessary for the maintenance of the plant; that the use of this land is necessary for the successful operation of the plant and the generation of electric power. A transmission line, necessary for transmitting power from the power house to Salt Lake City, was constructed upon land of the plaintiff in 1895. The upper power plant and the transmission line were constructed by the Big Cottonwood Power Company, which conveyed them, on August 31, 1897, to the Union Light & Power Company, which, in turn, conveyed them, on December 30, 1899, to the Utah Power & Light Company, by which latter company they were conveyed, on January 2, 1904, to the Utah Light & Railway Company, the original defendant. The lower plant was constructed by the Utah Power Company, which still, technically, owns and operates it. However, the entire capital stock of the Utah Power Company was purchased, prior to August, 1901, by the Consolidated Railway & Power Company, and sold, on January 2, 1904, to the Utah Light & Railway Company, the original defendant. Subsequently to the entering of the decree in the trial court all the properties, rights, privileges, powers and franchises, and all and every interest of the Utah Light & Railway Company became vested in the Utah Light & Traction Company, defendant herein; and by order of court the latter company was substituted

for the original defendant. There is practically no dispute respecting the facts stated, the contentions of the parties being confined to the legal effect of such facts.

The plaintiff filed its bill praying the same relief as in Utah Power & Light Company v. United States, heretofore decided. The defendant by its answer interposed the same defenses as in that companion case; and, in addition thereto, the following, deemed to be peculiar to the instant case:

(1) The act of Congress of 1896 did not supersede sections 2339 and 2340 of the Revised Statutes, if at all, until general regulations thereunder had been fixed by the Secretary of the Interior.

(2) Rights of way for the structures upon the plaintiff's land vested prior to May 14, 1896.

(3) The act of Congress of 1896 did not apply to the structures involved in this action.

The defenses common to both cases have been resolved by this court against the defendant in the case of Utah Power & Light Company v. United States, and reference is made to the opinion therein filed for the reasoning upon which that decision was based. We, therefore, address ourselves to the three special defenses above enumerated.

[1] It is not claimed that the defendant sought to acquire any rights under the act of May 14, 1896. Whatever title it has, therefore, must find support in legislation prior to that date, to wit: Sections 2339 and 2340, and Act March 3, 1891, c. 561, 26 Stat. 1095. Sections 2339 and 2340 were limited to rights of way for the construction of ditches, canals, and reservoirs in connection with rights to the use of water for mining, agriculture, manufacturing or other purposes. Defendant is practically limited to these two sections, because its predecessors, through which it claims, were not canal or ditch companies formed for the purpose of irrigation and acquired no rights under Act March 3, 1891, either originally or as expanded by Act May 11, 1898, c. 292, 30 Stat. 404. Of course, sections 2339 and 2340 did not themselves embody a grant, but merely confirmed, to the extent specified, such rights as were recognized and acknowledged by the local customs, laws, and the decisions of courts of the state. The rights of way embraced in these acts are confined to ditches, canals, and reservoirs, but we think those terms are broad enough to include dams, flumes, pipes, and tunnels as analogous or incidental to, and discharging the functions of, such reservoirs, ditches and canals. None of the legislation, to which reference has been made, prior to Act May 14, 1896, either in letter or in spirit contemplates the use of ground within the public lands for other uses and purposes.

The object of Act May 14, 1896, as heretofore determined (209 Fed. 554, 126 C. C. A. 376), was to substitute the permit system, therein provided, for the vested easement system, theretofore recognized, as the trial court properly decided; but we believe the defendant was entitled to whatever rights it had acquired by appropriation and construction prior to the enactment and approval of that act of substitution. These rights are entirely independent of and discon-

nected with the rights to the water itself, which did not vest, under the local law, until the water had been applied to a beneficial use. Therefore, rights of way for such reservoirs, canals and ditches, and for dams, flumes, pipes and tunnels of like or equivalent character and uses, which were constructed and practically completed prior to May 14, 1896, vested in defendant's predecessors whether put into operation in connection with the beneficial use of the water or not. Inasmuch, however, as the act itself was intended to and did terminate the system of such vested easements over the public lands and substituted revocable permits therefor, the former system must be held to have ended with the passage of the act and not with the promulgation of detailed regulations thereunder. It is aslo apparent that such prior rights, as may have become vested in defendant by appropriation prior to the enactment of the law of 1896, could not extend to power houses, cottages and transmission lines as distinguished from reservoirs, dams, canals, ditches, flumes, pipes and tunnels constructed for the storing and transmission of the water itself. Whitmore v. Coal Company et al., 27 Utah, 284, 75 Pac. 748; Cleary v. Skiffich, 28 Colo. 362, 65 Pac. 59, 89 Am. St. Rep. 207.

[2] With respect to the lower plant, or any part thereof, the government interposes the objection that the Utah Power Company, when it attempted to acquire its holdings and when it was constructing this lower plant, was not a legal corporation, since it had not filed its articles or made any other filing in the office of the secretary of the territory of Utah, as required by law; that it was, therefore, incapable of holding or acquiring any real estate in Utah or any interest therein and hence was not qualified to acquire any rights under sections 2339 and 2340 of the Revised Statutes. It appears, however, that there was a bona fide attempt to create a corporation and an assumption and exercise of corporate functions sufficient to constitute a corporation de facto. In such cases the legal existence of the corporation cannot, as a general rule, be called into question collaterally. Marsh et al. v. Mathias et al., 19 Utah, 350, 56 Pac. 1074. Any failure or omission by a corporation to comply with the provisions of a statute which falls short of justifying a direct proceeding by the state to forfeit its charter, and in the absence of such proceeding by the state, does not necessarily bar it from asserting its property rights in the courts. Jackson v. Crown Point Mining Co., 21 Utah, 1, 59 Pac. 238, 81 Am. St. Rep. 651; Booth & Co. v. Weigand, 30 Utah, 135, 83 Pac. 734, 10 L. R. A. (N. S.) 693. Here, however, the defendant owns the entire capital stock of the operating company; this it acquired from the Utah Light & Railway Company, the original defendant. There is no contention that these latter companies are without standing before the court, and the government, by this action, seeks through them, as the beneficial owners, to enforce its claim against the said Utah Power Company. Under such circumstances, we do not think this objection by the government should receive recognition.

It is not intended herein, nor is it deemed necessary, to make specific directions respecting the structures of defendant upon plaintiff's land involved in this controversy. Such matters can be satisfactorily re-

solved only after a fuller hearing in the trial court. Enough has been said to indicate the principles which we think should govern such a determination. It is apparent that while in the trial court the general rights of the parties were properly adjudged, nevertheless, with respect to some of its works constructed and completed prior to the act of 1896, defendant may have acquired, and probably did acquire, certain vested rights which are denied to it by the decree entered. To this extent, that decree must be reversed and the cause remanded for further proceedings in accordance with this opinion and that in the companion case heretofore decided.