(November 27, 1915.)

## NORVAL GORRIE, Appellant, v. WEISER IRRIGATION DISTRICT, a Corporation, Respondent.

[153 Pac. 561.]

CANAL—RIGHT OF WAY—EASEMENT—ADVERSE USER—RIGHT TO MAINTAIN AND REPAIR CANAL.

1. One who has acquired a right of way for a canal across the land of another by adverse user has acquired also the right to enter on such land for the purpose of cleaning and maintaining such canal.

2. *Held*, that the right to clean and maintain the canal is involved in the acquisition of it, but in doing that work the owner must do the same with due care and not occupy any more or greater width of the land along the banks of ·the canal than is absolutely necessary in depositing the debris and other matter necessarily required to be taken from such canal to properly clean and maintain it.

[As to liability of irrigation companies for negligent care of ditch, see note in 81 Am. St. 492.]

APPEAL from the District Court of the Seventh Judicial District, in and for Washington County. Hon. Ed. L. Bryan, Judge.

Action to enjoin the defendant from trespassing on the lands of plaintiff and to recover damages. Judgment for plaintiff for $50 as damages for defendant's interfering with the lateral ditch of plaintiff. Judgment for the defendant, denying an injunction. Judgment *affirmed*.

Ed. R. Coulter, for Appellant.

"The location of a water right and filing of a notice therefor in accordance with law does not give any right to build ditches across lands belonging to others until an easement therefor has been acquired either by purchase or condemna-

On the right of appropriator to enter upon the land of an upper proprietor to clean out ditch, see note in 43 L. R. A. 130.

tion." (*Swank v. Sweetwater Irr. etc. Co.,* 15 Ida. 353, 98 Pac. 297.)

"No change whatever can be made on land passed into private hands at the time or subsequent to the appropriation, so far as such acts change the character of the servitude, and this particularly prohibits the change of ditches or other works on such land at all." (Wiel on Water Rights, 3d ed., pp. 536, 539. See, also, *Vestal v. Young,* 147 Cal. 715, 82 Pac. 381.)

"The extent of the use during prescription limits rights." (Wiel on Water Rights, pp. 637, 918; *Swank v. Sweetwater Irr. Co., supra; Miller v. Madera Canal etc. Co.,* 155 Cal. 59, 99 Pac. 502, 22 L. R. A., N. S., 391.)

"Injunction will be granted without a showing of damage, because it is a violation of the right of ownership of the land." (Wiel on Water Rights, p. 536; *Vestal v. Young, supra; McGuire v. Brown,* 106 Cal. 660, 39 Pac. 1060, 30 L. R. A. 384; *Wilson v. Eagleson,* 9 Ida. 17, 108 Am. St. 110, 71 Pac. 613; 22 Cyc. 765.)

Lot L. Feltham, for Respondent.

Where there is a substantial conflict in the evidence, the verdict of the jury and the findings of the trial court will not be reversed. (*O'Connor v. Langdon,* 3 Ida. 61, 26 Pac. 659; *Later v. Haywood,* 15 Ida. 716, 99 Pac. 828; *Brown v. Grubb,* 23 Ida. 537, 130 Pac. 1073.)

SULLIVAN, C. J.—This suit was instituted on two causes of action. It is alleged in the complaint that the plaintiff is the owner of certain lands therein described, and that the defendant is the owner and proprietor of an irrigation canal running through, over and across plaintiff's said land, and that during the years 1909, 1910, 1911 and 1912 defendant wrongfully, unlawfully and in violation of the rights of plaintiff, took and dug sand and other debris matter from its said canal and dumped and placed the same upon the lands of this plaintiff, thereby filling up his ditches and rendering his land unfit for cultivation and farming, and otherwise damaging him in the sum of $200.

The second cause of action is based on an alleged failure of the defendant to comply with a certain agreement, but this appeal touches only the matters contained in the first cause of action. Plaintiff prays for damages in the first cause of action and for a permanent restraining order preventing defendant from dumping any debris taken from said canal, and for costs.

Defendant in its answer admitted the ownership of the land by the plaintiff, admitted the ownership of the canal in itself, but denied all the other material allegations of the complaint. Further answering, the defendant claims a right of way across plaintiff's land for its canal by adverse usage and possession, and furthermore claims that it has not used any more of plaintiff's land in maintaining its canal than is included in its easement, and has used no more than was necessary to be used in the lawful conduct and operation of its canal.

The cause was tried before the court but a jury was impaneled to determine the question of damages. By the verdict of the jury the plaintiff was given $50 on account of the second cause of action, but said nothing about the damages on the first cause of action. Thereafter the court made its finding of facts and conclusions of law based upon the verdict and judgment of the jury, and judgment was thereupon entered upon said finding of facts and conclusions of law for the defendant and against the plaintiff.

The court found as a conclusion of law that the plaintiff was not entitled to a permanent restraining order, and it is from that part of the judgment denying plaintiff a permanent restraining order that this appeal is taken. And that is the only question involved on this appeal, so far as the plaintiff is concerned.

The verdict in favor of the plaintiff for fifty dollars was granted as damages under the second cause of action, which was based on the failure of the defendant to comply with an arrangement made with the plaintiff to place the debris washed into said canal by a cloudburst on the upper side of the ditch and properly spread the same over the land. This,

however, is not material to the questions raised on this appeal, since the appeal touches only the matters contained in the first cause of action.

The plaintiff states in his brief that from the uncontradicted testimony it appears that the only right of way defendant has across plaintiff's land is by virtue of an easement obtained by adverse use and possession, and that continuously for the past five or six years each year the defendant has been encroaching from one to two feet upon the lands of plaintiff not included in or subject to its said easement, and that it will continue to do so unless restrained by the court.

It appears that defendant deraigned its title to the canal and right of way through mesne conveyances running from 1884, all of which instruments or conveyances are by stipulation presented here on appeal for inspection by this court, and all of which instruments were introduced in evidence on the trial.

It appears that no formal deed for any width or certain area of land was ever made by any predecessor or owner of the land of plaintiff to the defendant company or its predecessors in interest for any right of way over said land for said ditch; that defendant claims its right of way by prescription and use and by adverse possession for the ten years last past.

The evidence shows that in 1903 the ditch was enlarged to its present size, about 20 feet in width; that it was widened at that time about two feet and up to that time the manager of said ditch had widened it a little each year. After 1903 no enlargement was made of said canal. The only work done upon it was to clean out the sediment and wash from the hills and from the water brought down through the Weiser river into said canal during the irrigating seasons. The easement by adverse user or prescription is based on those facts.

It appears from the evidence that the canal had to be cleared from sand and debris and silt every year. It also appears that a waterspout occurred in 1911 and caused the

filling of the canal on said land, and that there was an arrangement made with the plaintiff by the canal company at that time whereby the defendant cleaned the sand, boulders and brush out of the canal brought there by said waterspout or cloudburst and placed the same upon the uphill side of said canal and spread it out over plaintiff's land above the canal. It appears that the defendant company and its predecessors in interest ever since the year 1881 claimed a right of way for the canal across said land and a place to put the material resulting from the enlargement and cleanings of the canal, and this claim was never contested or denied until the commencement of this action by the plaintiff.

The principal question involved in this case is the extent of the right of way the respondent has acquired for the maintenance and operation of its canal. If it only has a right of way just the width of its canal in which the water runs and the banks that confine the water, and has no right to enter upon the land bordering upon the ditch or canal for the purpose of repairing or cleaning it, the easement might not amount to very much.

In *Carson v. Gentner,* 33 Or. 512, 52 Pac. 506, 43 L. R. A. 130, the supreme court of Oregon held that the ditch proprietor had a right to enter on the lands of another on which the ditch runs, to clean and repair the same, and that the right to the ditch included the right to repair it.

In *Whitmore v. Pleasant Valley Coal Co.,* 27 Utah, 284, 75 Pac. 748, it was held that a right of way for a ditch under the statute referred to constituted an easement granted for, and limited to, the purposes mentioned in the act, and gives the owner of the easement no right to occupy or use the surface of the land embraced within it for any other purpose than that specified; that such owner may, after constructing his ditch, do the things necessary to maintain and care for and operate the same.

We are clearly of the opinion that where the right of way for a ditch or canal is obtained by adverse user, such easement gives the right to the owner to do all things necessary to maintain, care for and operate the same. The rule to be

applied in this case is the ordinary rule applicable to the preservation of easements.

In *McGuire v. Brown,* 106 Cal. 660, 39 Pac. 1060, 30 L. R. A. 384, it was held that the right to maintain the ditch is involved in the acquisition of it.

It is conceded that the defendant has acquired a right of way for said ditch or canal over the land of the plaintiff. The right to clean and maintain it is involved in the acquisition of it, even though it were acquired by adverse user. Due care, however must be observed by the owner of the canal in the cleaning and maintenance of such canal across the land of plaintiff to do such work properly and not to occupy any more or greater width of land along the banks of the canal than is absolutely necessary for depositing the debris and other matter necessarily required to be taken from such canal to properly maintain and clean it. The owner of such ditch has the right to enter the land across which such right of way extends for the purpose of cleaning and repairing the ditch.

We have examined the other assignments of error and are satisfied that there is nothing in them that would require a reversal of this case.

The judgment of the trial court must therefore be affirmed, with costs in favor of the respondent.

Budge and Morgan, JJ., concur.