## JOHN HOGUE V. CAPITAL NATIONAL BANK OF LINCOLN.

FILED APRIL 10, 1896.   No. 6339.

1. **Corporations: CORPORATE CHARACTER: COLLATERAL ATTACK: LIABILITY OF STOCKHOLDERS.** Where a corporation has had a *de facto* existence for a considerable time, its corporate character cannot be collaterally assailed by persons contracting with it in such capacity, relying upon its corporate credit, in order to hold stockholders thereof individually liable on account of the failure to observe the statutory requirements essential to constitute it a technical *de jure* corporation.

2. ———: **LIABILITY OF STOCKHOLDERS: STATUTES: ABATEMENT.** The liability imposed by section 139, chapter 16, Compiled Statutes, as originally enacted, was penal in its character, and rights of action thereunder not reduced to judgment, abated with the repeal of said section without a saving clause. (Session Laws, 1891, p. 198, ch. 13.)

ERROR from the district court of Sherman county. Tried below before HOLCOMB, J.

*E. C. Lane, J. R. Scott,* and *J. H. Broady,* for plaintiff in error.

*Nightingale Bros., contra.*

POST, C. J.

This was an action by the defendant in error, the Capital National Bank of Lincoln, in the district court for Sherman county to recover from the plaintiff in error Hogue, as a stockholder of the Sherman County Banking Company, the sum of $10,272.65, being the face value of twenty-four notes sold by said last named corporation. Upon

63

the back of each of the notes so sold appears the following indorsement:

"For valuable consideration we hereby guaranty to the Capital National Bank of Lincoln, Nebraska, or its assignees, the payment of the within note, waiving protest and non-payment of the same.

"SHERMAN COUNTY BANKING COMPANY,
"By E. E. WHALEY, *Pt.*"

The ground of Hogue's alleged liability appears from the following statement of the petition:

"The said Sherman County Banking Company, on October 31, 1887, filed its articles of incorporation in the county clerk's office, and on November 1, 1887, commenced to transact business at Loup City, in said county, as a banking corporation, and continued to transact business as such until December 26, 1888, at which last date said banking corporation became wholly insolvent and made a pretended assignment for the benefit of creditors, and by assignment duly executed, conveyed all the corporate property of said banking company to Joseph F. Pedler, sheriff of said county. * * The said Sherman County Banking Company was not a legally incorporated company, but has failed to comply with the provisions of chapter 16, Compiled Statutes, entitled 'Corporations,' in relation to giving notice and other requisites of organization, and thereby subjected its stockholders to the liability imposed by section 139 of said chapter. Such failure to comply substantially with the law affecting and regulating corporations is more specifically as follows: (*a.*) The said Sherman County Banking Company wholly failed to publish notice of its incorporation or organization. (*b.*) The whole of the capital stock of said banking corpo-

ration was not subscribed at the time of com-
mencing business on November 1, 1887, or at any
time thereafter, as required by its articles of in-
corporation and by the general law. (c.) The whole
of the capital stock of said corporation was not
paid for at the time of commencing business, nor
at any time thereafter.  *  *  *  (e.) The said
Sherman County Banking Company wholly failed
to post up in a conspicuous place at its place of
business, subject to inspection, a copy of its by-
laws and the names of all of its officers appended
thereto, and wholly failed to make and govern
itself by by-laws. (f.) Said corporation wholly
failed to make and publish a quarterly statement
of the assets and liabilities of said banking com-
pany, and to make and publish the annual notice
of indebtedness required by law. (g.) Said bank-
ing company failed to keep a record of its corpo-
rate proceedings and its election of officers and.
board of directors, failed to open and keep a sub-
scription book, failed to keep a stock ledger or
stock transfer book, or any book in which the
names of the said stockholders were entered and
the amount held and owned by each stockholder,
and thereby concealed from the creditors of said
banking corporation, from the patrons of said
bank, and from the public in general the fact that
a large amount of the capital stock of said corpo-
ration was held and owned by insolvents and per-
sons of doubtful solvency.

"By reason of the aforesaid failure to comply
with the provisions of law as to notice and
other requisites of organization as herein set
forth, the stockholders of said Sherman County
Banking Company became, and are jointly and
severally, liable for all the debts of said corpo-
ration."

A general demurrer to the petition was over-
ruled and issues joined by answer and reply. A
trial was had at a subsequent term, resulting in a
verdict and judgment for the plaintiff below in
the sum of $14,865.81, and which has by appropri-
ate proceeding been removed into this court for
review.

It is unnecessary, in the view we take of the
questions presented for determination, to notice
the allegations of the answer and reply. Among
the facts shown by the petition, proof, and record,
and as to which there is no controversy, are the
following: (1.) The Sherman County Banking
Company had a *de facto* existence for more than a
year, during which time the defendant in error
had transactions with it in its corporate capacity
amounting to many thousands of dollars, includ-
ing the indorsements upon which it seeks to re-
cover in this action. (2.) The cause of action al-
leged and relied upon in the district court is the
failure of the banking company to comply sub-
stantially with the provisions of the statute in
relation to the giving of notice and other requi-
sites of organization, and not Hogue's primary
liability as a stockholder of said corporation.

Counsel for the defendant in error, with a can-
dor certainly to be commended, admit that the
situation, from their point of view, is compli-
cated by the repeal in 1891, without a saving
clause, of section 139, chapter 16, of the general
corporation law of the state, and in a brief of
unusual merit insist that the repealing act should
be given a prospective effect only, since to hold
otherwise is to destroy vested rights, and accord-
ingly violative of section 10, article 1, of the con-
stitution of the United States. But whatever

view we might feel constrained to take of that subject as an original proposition, it cannot, we think, be longer regarded as an open question in this jurisdiction.    Section 139, as originally enacted, reads as follows: "If any corporation fail to comply substantially with the provisions of this subdivision in relation to giving notice and other requisites of organization, the property of all the stockholders shall be liable for the corporate debts."    By section 2 of the act of 1891 the foregoing provision was amended to read as follows: "If any corporation fail to comply substantially with the provisions of this subdivision in relation to giving notice and other requisites of organization, after the assets of the corporation are first exhausted, then the property of any stockholder shall be liable for the corporate debts to the extent of the unpaid subscription of any stockholder to the capital stock of such corporation, and in addition thereto, the amount of capital stock owned by such individual."    By section 3 the original section was repealed, and by section 4 it is provided that, "Whereas, an emergency exists, this act shall take effect from and after its passage and approval, and shall be held and taken to apply in any case now pending or hereafter brought in any court in this state."    In *Globe Publishing Co. v. State Bank*, 41 Neb., 175, it was held, that where an attempt is in good faith made to organize a valid corporation, and such body actually exercises corporate functions for a considerable time unchallenged by the state, persons contracting with it in its corporate capacity, and in reliance upon its corporate credit, cannot hold stockholders thereof liable for its debts solely because, by mistake or omission not amounting to

fraud, some act is left undone which is essential to constitute it a *de jure* corporation.   In *Kleckner v. Turk*, 45 Neb., 176, it was held that the liability imposed by section 139, as originally enacted, was for the omission of acts which are not conditions precedent to the commencement of business by a corporation, that such liability existed solely by reason of the provisions of said section, that it was in the nature of a punishment, and that the right of action thereby conferred, unless reduced to judgment, did not survive, but was destroyed by its repeal.   Those cases we regard as decisive of the present controversy.   It follows that the judgment must be reversed and the cause remanded for further proceedings in the district court.

REVERSED.