FIRST NATIONAL BANK OF OMAHA ET AL., APPELLEES, V. FRANCIS D. COOPER ET AL., APPELLANTS.

FILED JUNE 13, 1911. No. 16,489.

1. **Appeal.** No appeal is allowed from findings of fact or conclusions of law. A party may appeal within six months after the entry of final judgment or overruling a motion for new trial.

**Corporations:** LIABILITY OF STOCKHOLDERS. Under section 136, ch. 16, Comp. St. 1891, the liability of stockholders upon the default of the corporation is limited to their unpaid subscriptions to capital stock, together with the amount of capital stock owned

by them. This applies also to liability accruing before the amend-
ment of 1891.

3. ———: ———. In an action in equity to determine such liability
   of stockholders which accrued before the amendment of 1891
   (laws 1891, ch. 13), the court entered a decree against them for
   an amount less than their statutory liability, and, after stating
   findings of fact, stated that the stockholders are jointly and
   severally liable for the full amount of judgments that had before
   that time been obtained against the corporation. *Held,* That this
   statement was merely a conclusion of law and erroneous, and that
   a judgment subsequently entered for a greater amount than the
   amended statute allows was also erroneous.

APPEAL from the district court for Douglas county: ALEXANDER C. TROUP, JUDGE. *Reversed.*

*John C. Wharton* and *William Baird & Sons,* for appellants.

*Henry E. Maxwell* and *Will H. Thompson, contra.*

SEDGWICK, J.

In February, 1892, the Omaha Brick & Terra Cotta Manufacturing Company was a corporation organized under the laws of this state, and as such had been doing business in Omaha for several years. The plaintiff, the First National Bank of Omaha, then began an action against these appellants and other stockholders of the said corporation, and alleged that it had before that time recovered a judgment against said corporation, and had caused an execution to be issued thereon, which execution was by the sheriff of said county duly returned unsatisfied for want of property whereon to levy, and alleged that the corporation had failed to comply with the requirements of the statute with respect to publishing notice of its indebtedness, and asked judgment against the several stockholders. The plaintiff, the United States National Bank of Omaha, and the Omaha Coke & Lime Company and others intervened and alleged causes of action similar to that of the plaintiff. The present plaintiff, Sunderland

Brothers Company, is the successor of the Omaha Coke & Lime Company. Such proceedings were had in that action that on the 21st day of March, 1893, upon hearing, the court found that there was due the plaintiff, the First National Bank, $4,063.25, and to the United States National Bank $2,900.45, and to the Omaha Coke & Lime Company $447.50, and also made the following conclusion and finding: "That for the amount of said several judgments with interest and costs the defendants served with summons and in court, to wit (naming these appellants and others) are jointly and severally liable under the provisions of chapter 16 of the Compiled Statutes of Nebraska, as the same stood in the year 1888, but that, in the first instance, an assessment shall be made on the amounts of stock respectively held by each of said defendants for the purpose of raising a fund for the payment of the amounts due the plaintiff and those in interest with it in this action." The following decree was entered: "It is therefore considered, ordered and decreed by the court that said last named defendants be and are hereby ordered to pay into this court the assessments upon their said several shares of stock in the Omaha Brick & Terra Cotta Manufacturing Company in the sums and amounts following, to wit: * * * (naming the several defendants and the amount of the decree against each) and that for said several sums, with interest at ten per cent. per annum from March 21st, 1893, and costs of this action taxed at $—, execution issue. * * * It is further ordered that this cause stand for further decree herein, in the event that said several defendants or any of them fail to pay the amounts herein adjudged to be paid by them and each of them." These appellants paid the amounts fixed and adjudged against them, but the defendants against whom there were larger amounts failed to make such payments. Afterwards several executions were issued and some smaller amounts collected, but nothing further was done in the hearing or trial of the case until the 26th day of October, 1908, when these plaintiffs filed a motion for judg-

ment in their favor, respectively, against the defendants as stockholders as before stated for the balance remaining unpaid upon their respective judgments against the corporation. Notice of this motion was given to these appellants and other defendants in the action, and upon the hearing the court entered an order sustaining the motion and a judgment against the defendants Alfred W. Phelps, Ernst Stuht, and William Kuhfall and other defendants in favor of the First National Bank of Omaha for the sum of $8,418.51 and interest, and in favor of the United States National Bank for $6,095.25 and interest, and in favor of Sunderland Brothers Company for $927.01 and interest. The defendants last named have appealed to this court.

Prior to the amendment of 1891, the corporation law provided: "Every corporation hereafter created shall give notice annually, in some newspaper printed in the county or counties in which the business is transacted, and in case there is no newspaper printed therein, then in the nearest paper in the state, of the amount of all the existing debts of the corporation, which notice shall be signed by the president and a majority of the directors; and if any corporation shall fail to do so, all the stockholders of the corporation shall be jointly and severally liable for all the debts of the corporation then existing, and for all that shall be contracted before such notice is given." Comp. St. 1889, ch. 16, sec. 136. By the act of 1891 (laws 1891, ch. 13) the liability so created was limited "to the extent of the unpaid subscription of any stockholder to the capital stock of such corporation, and in addition thereto the amount of capital stock owned by such individual." That act provided that the amended statute "shall be held and taken to apply in any case now pending or hereafter brought in any court in this state." It has been held that this amendment is constitutional, and that the recovery upon causes accrued under the old law should be limited by the provisions of the new. *Kleckner v. Turk*, 45 Neb. 176; *Hogue v. Capital Nat. Bank*, 47 Neb. 929.

In the first decree the amount of stock held by each defendant, respectively, was ascertained, and they were ordered to pay assessments thereon, which they did as has been already stated. These defendants, under the law as it then stood, were liable for an amount equal to the stock held by them, respectively, and their unpaid subscriptions, if any, but the court concluded that "for the amount of said several judgments with interest and costs the defendants served with summons and in court, to wit (naming them) are jointly and severally liable under the provisions of chapter 16 of the Compiled Statutes of Nebraska, as the same stood in the year 1888, but that, in the first instance, an assessment shall be made on the amounts of stock respectively held by each of said defendants for the purpose of raising a fund for the payment of the amounts due the plaintiff and those in interest with it in this action." It is now insisted that this was a finding and an adjudication against these defendants, and that the time for appeal therefrom having passed they cannot now question their liability for the whole amount of the original judgments. It was upon this theory that the judgments now appealed from were entered against them. The first decree entered against them was for a sum specified against each of them, and these sums have been paid. Their liability is limited by the act of 1891, and the court in entering a further decree should be limited by provisions of that act.

The findings of fact upon the first hearing were justified by the law and the record in the case. They support the decree that was then rendered thereon. There was no cause for appeal. The conclusion of law that the defendants were jointly and severally liable for the full amount of the judgments against the corporation was erroneous. It was not justified by the pleadings and findings of fact. The statute provides that an appeal may be taken "within six months from the rendition of such judgment or decree or the making of such final order or within six months from the overruling of a motion for new trial in said

cause." Code, sec. 675. No appeal can be taken from findings of fact or conclusions of law. There must be a final judgment or decree ending the controversy, and adjudging a definite issue presented by the parties in the pleadings and evidence. The decree entered on the 26th day of October, 1908, was such an adjudication, and these appellants were entitled to the statutory time from the overruling of their motion for a new trial in which to appeal therefrom. This appeal was taken in due time, and neither the conclusion of law entered upon a former hearing, nor the decree finally entered, is supported by the pleadings and the findings of fact.

The judgment of the district court is reversed and the cause remanded.

REVERSED.