FIRST NATIONAL BANK OF OMAHA ET AL., APPELLEES, V.
FRANCIS D. COOPER ET AL., APPELLANTS.

FILED JUNE 12, 1912. No. 17,499.

1. Corporations: INSOLVENCY: LIABILITY OF STOCKHOLDERS: LIMITATIONS. In an action in equity to enforce the liability of stockholders of an insolvent corporation, a finding of the amount of the liabilities of the corporation and judgment against each stockholder for his proportion of such liability is not a final disposition of the proceedings; and, if some of these judgments against the stockholders are not paid, an application for further judgment against the stockholders is not a new cause of action.

2. ———: ———: ———: ———. In such a case, where it is shown that executions upon the judgment were issued against some of the stockholders and returned unsatisfied, the failure of plaintiffs to collect from such stockholders will not constitute such laches as to relieve other stockholders of further liability.

3. Interest.   The original judgment against the appellants having been paid upon its rendition, interest is chargeable, under section 4, ch. 44, Comp. St. 1911, upon the remaining amount for which each defendant is liable from the date of demand and refusal.

APPEAL from the district court for Douglas county: ALEXANDER C. TROUP, JUDGE.   *Affirmed.*

*John C. Wharton* and *William Baird & Sons,* for appellants.

*Henry E. Maxwell* and *Will H. Thompson, contra.*

LETTON, J.

The facts involved in the action in which the proceedings now complained of were taken may be found fully set forth in the former opinion, 89 Neb. 632.   Briefly stated, plaintiffs brought an action against the defendant corporation and its stockholders predicated upon the failure of the corporation to comply with the statutory requirements as to the publication of notice of indebtedness. A finding of the amount due the several plaintiffs was made on March 21, 1893, and it was adjudged that all the defendants were jointly and severally liable under section 136, ch. 16, Comp. St. 1889, for the amount of the judgment.   Each defendant was adjudged to pay a specific amount, and the case was held for further decree in the event of any of the defendants failing to pay.   On October 21, 1908, a motion was filed by the plaintiffs for judgment against defendants Phelps, Stuht, Kuhfall, and others for the balance remaining unpaid on the judgment.   Defendants appealed to this court, and in the opinion referred to the judgment of the district court was reversed.   It was held that chapter 13, laws 1891, applied, and not the former statute, and that the extent of recovery was limited by the provisions of that act.   After the case was remanded plaintiffs filed another motion for judgment against the above named defendants under the decree of

43

March 21, 1893. Objections were filed which, in effect, set up as defenses: First, the statute of limitations; and, second, the doctrine of laches. The court found for plaintiffs for the balance remaining unpaid of the defendants' liability, under the act of 1891, with interest from the 26th day of October, 1908, and rendered judgment accordingly. Defendants appeal, and plaintiffs have filed a cross-appeal claiming that the district court erred in failing to allow interest against each defendant from the date of the decree in 1893.

The issues were submitted to the district court upon a stipulation of facts. This shows that between the rendition of the decree and judgment, in 1893, and August 18, 1898, seven executions and two vendi. were issued upon it. The last of the money received from executions was applied on the judgments on December 30, 1897. Execution was again issued in 1898, and returned *nulla bona* in December of that year. Certain payments were made on February 8, 1910, as the result of a decree in a mortgage foreclosure suit against defendant Goodman, in which plaintiffs were adjudged to have a first lien on the real estate by virtue of the judgment of 1893. A witness at the hearing in 1908 testified that the record showed that Goodman owned other real estate in Douglas county than that sold on the executions, and defendant Stuht then testified that this real estate was of the value of $20,000.

As to the contention that the proceedings are barred: It is said that the motion is in effect a supplemental petition which sets up causes of action based upon two things—the decree of March 21, 1893, and the subsequent default of the codefendants; that the issues thus made were not involved in the decree of 1893; and that the cause of action accrued when the other defendants failed to pay the amounts adjudged against them, which was more than four years before the filing of this motion.

The principal action was brought within the statutory period and has been pending in the district court ever since. It is true that judgment was rendered for a por-

tion of the liability, and that further proceedings against the appealing defendants were stayed while efforts were made to collect from the others; but the failure of co-defendants to pay the amount adjudged against them can hardly be said to be a cause of action against these defendants. The real cause of action had been adjudicated in 1893, and all that was left undone was for the court, if it afterwards became necessary, to ascertain and apportion among defendants the liability to pay the remainder of the debt in accordance with the statute. This might have been done in the first instance by rendering judgment for the whole amount and providing that executions issue under the court's direction until the entire judgment was satisfied. *German Nat. Bank v. Farmers & Merchants Bank,* 54 Neb. 593. The issuance of a new execution in such case is not the accruing of a new cause of action, and neither can the calling of the attention of the court to the fact that a further judgment was necessary be properly so considered.

As to the plea of laches: There is no proof in the record that plaintiffs had any knowledge other than that derived from the returns upon the executions issued that the defendant Goodman owned other property from which the judgment against him might have been realized. Moreover, if the defendants had knowledge that their co-defendants possessed property from which the original judgment could have been collected, there is nothing to show that they ever called the attention of the plaintiffs to that fact. Executions were issued until the officers found no more property on which to levy, and money was collected and applied on the judgment as late as February 8, 1910. Under this condition of the record, we find no facts to justify the application of the doctrine of laches.

The district court refused to allow interest from the date of the first decree, but allowed it from October 26, 1908, when the plaintiffs filed their motion for further judgment. It is said this was upon the theory that the

defendants were then first called upon to pay the balance owing, and that inasmuch as they refused to make such payment they were chargeable with interest from that date. Defendants were not liable, as plaintiffs claim, for interest from the date of the original judgment, because they paid the sum then definitely adjudged against them in full. Demand was made for the balance due by the motion of October 26, 1908. It is true the demand was made for more than was due, but no offer was made by defendants to pay the true amount and they resisted the claim *in toto.* We think that under section 4, ch. 44, Comp. St. 1911, which provides for interest on money due and withheld by unreasonable delay the district court took the proper view.

Finding no error, the judgment of the district court is

AFFIRMED.