Gantt, J.
The defendant in error, The Omaha Smelting and Refining Company, sued the plaintiff in error and.others, as co-partners, doing business under the name of The Register Smelting and Refining Company, to recover the balance of an account, claimed to be due and owing to it from the plaintiff and others upon business transactions between them. The plaintiff and one Josslyn were the only parties served with'process. The plaintiff in error answered the petition, and denied the co-partnership or that he ever became indebted to the defendant in error in any sum whatever; but alleged that by virtue of articles of incorporation entered into by the plaintiff and others, they did, under the general laws of this state, become a corporation under the name of The Register Smelting and Refining Company, elected officers, and as such corporation transacted business, and that the defendant in error dealt with them as such corporation — each *421 company acting in a corporate capacity in the transaction of the business between them.
The proper reply was filed to this answer.
The main ground of defense to the action is, that The Register Smelting and Refining Company was a corporation, doing business as such, and was so recognized by the defendant, and therefore the action cannot be maintained against the plaintiff in error, and others, as co-partners. It is, however, admitted that the company did not file and have recorded in the office of the county clerk, articles of incorporation. But it is insisted on the part of plaintiff in error that the organization of the company, in all other respects, was in conformity with the requirements of the law; that it transacted its business as such corporate body, and therefore it became and was a corporation de facto, if not de jure. And the plaintiff now complains, first, that the court below erred in excluding from the jury, evidence tending to show that the defendant in error dealt with and recognized The Register Smelting and Refining Company as a corporation, and gave credit to it as such; and, second, that the court erred in excluding from the jury eyidence tending to show that the plaintiff in error was not a stockholder in the company. These two assignments may be considered together, for if the court erred in excluding the evidence offered in the first assignment, then the evidence offered in the second was improperly excluded, and the converse of the propositions is.equally true.
In the discussion of these questions it must be borne in mind that it is the plaintiff in error, who asserts that the company was a corporation, and was doing business as such corporate body; and, therefore, the burden of proof rests on him to show that the company was a corporation, either dejure or defacto; but as above stated, it was admitted on the argument of the case that the company was not a coiqroration de jute. Then, was the *422 cornpany a corporation de facto f I think,, in order to establish such a corporation, it is necessary to show user of a corporate franchise by an association of persons, though the organization may be so defective as to render the franchise wholly invalid in a proceeding against it by the state; or in other words, it. is necessary to show the existence of a charter, or some law under which the assumed powers are claimed to be conferred, and the user of the franchise claimed under such charter or law. In Buffalo R. R. Co. v. Cary, 26 N. Y., 77, it is said that, “if the papers filed by which the corporation is sought to be created, are colorable, but so defective that, in a proceeding on the part of the state against it, it would for that reason be dissolved, yet, by acts of user under such organization, it becomes a corporation de facto, and no advantage can be taken of such defect in its constitution, collaterally, by any person.” This doctrine seems to be founded upon the principle, that the existence of such corporation, acting under color of a franchise, cannot be - questioned in a suit where it would only arise collaterally, because the state, the party chiefly concerned, could not be heard by counsel.
In the case referred to, the company had its “ papers filed,” and acted under color of a franchise. A franchise as used in relation to corporations, meatrs certain privileges conferred by government on individuals, which do not ■ belong to the citizens of the country of common right. Angel & Ames, on Corp., § 4. Bank of Augusta v. Georgia, 13 Peters, 595.
Hence, if the acts and proceedings of a company or association consist only of such acts and proceedings as might be performed without an incorporating act, or corporate grant or franchise, a corporation cannot be inferred from such acts. Greene v. Dennis, 6 Conn., 302.
Now, had the Register Smelting and Refining Company secured any franchise whatever, under color of *423 which it could act as a corporation defacto? I think the evidence offered does not show any such corporate existence. The right, however, is claimed under the general incorporation law of the state. Section 123 of the statute provides, that “ any number of persons may be associated and incorporated for the transaction of any lawful business, including the construction of canals, railways, bridges, and other works of internal improvements.” Two things are included in this provision; the persons may associate, unite together and then they may be incorporated, and become .a body corporate for the transaction of any lawful business. And, hence, it seems to me that the sense in which the word “ organization ” is used in section 126, means simply the process of forming and arranging into suitable disposition the parts which are to act together in, and in defining the objects of the compound body, and that this process, even when completed in all its parts, does not confer the franchise, either valid or defective, but on the contrary, it is only the act of the individuals, and therefore something else must be done to secure the franchise. Therefore, section 126, provides that the “ corporation, previous to the commencement of any business, except its own organization, * * * must adopt articles of incorporation and have them recorded in the office of the-county clerk of the county, or counties in which the business is to be transacted;” but section 132, permits the “ commencement of business as soon as the articles of incorporation are filed by the county clerks of the counties, as required by this subdivision.” The purpose of the statute is to confer the right of franchise, or the powers of a corporation without charter, by direct legislative enactment, and to attain this object, it provides that the company must adopt articles of association and must file and have them recorded in the office of the county clerk. These requirements are expressed in *424 affirmative language, and in District Township v. The City of Dubupue, 7 Iowa, 276, it is said, that “ affirmative expressions that introduce a new rule, imply a negative of all that is not within the purview.” Now, if the articles of incorporation are not filed in the office of the county clerk, the parties acting in the matter do not bring themselves within the purview of the statute, because the filing of the articles as required, is a condition precedent to the existence of the corporate franchise, or corporate powers in any respect whatever; this prerequisite, I think, must be complied with. The general'law under which the association is formed and the articles of incorporation adopted and filed as required, taken together, are in law considered in the nature of a grant from the state and as the charter of the company. If the mere act of organization by the individuals, conferred the corporate franchise, why should the statute require the articles to be filed and recorded in the office of the county clerk as a pre-requisite to corporate existence? Eastern Plank Road v. Vaughan, 14 New York, 546. Welland Canal v. Hathaway, 8 Wend., 480. Central Turn Corp. v. Valentine, 10 Pick., 142. Schenectady v. Thatcher, 11 New York, 102. And if the filing of the articles is not a condition precedent, why is it provided in section 139, that a failure to comply, substantially, with the provisions in relation to giving notice and the requisites of organization, should make the property of stockholders liable for the debts of the corporation, and not make them liable on failure to file the articles? Perhaps the only satisfactory answer to the question is that, according to the legislative intent, no corporate franchise or power exists until the articles are filed as required.
In Mokelumne Co. v. Woodbury, 14 Cal., 427, where the statute provided for the filing of a certificate in the office of the county clerk, and a duplicate thereof in the *425 office of the secretary of state, it was held that upon filing the certificate in the clerk’s office, the right of corporate privileges vested in the .association, and upon failure to file a duplicate in the office of the secretary of state, the assumption of corporate powers amounts to a usurpation of the sovereign rights of the state, the remedy for which is a direct proceeding on the part of the state; but the court say, “ the general rule is that the existence of a corporation may be proved by producing its charter, and showing acts of user under it; but this rule has no application to a corporation founded under the provisions of the general statute, requiring certain acts to be performed before the corporation can be considered in esse or its transactions possess any validity. The existence of a corporation thus formed, must be proved by showing a substantial compliance with the requirements of the statute. But there is a broad and obvious distinction between such acts as are declared to be necessary steps in the process of incorporation, and such as are required of the individuals seeking to become incorporated, but which are not made pre-requisites to the assumption of corporate powers. In respect to the former, any material omission will be fatal to the existence of the corporation, and may be taken advantage of collaterally, in any form in which the fact of incorporation can properly be called in question. In respect to the latter, the incorporation is responsible only to the government in a direct proceeding to forfeit the charter. The right of the plaintiff to be considered a corporation, and exercise corporate powers, depends upon the fact of the performance of the particular acts named in the statute as essential to its corporate existence.” Field v. Cook, 16 La. Ann., 153. And it is said that, persons who have contracted in writing with such an association, without any color of franchise, are not estopped from denying its corporate capacity. Welland *426 Canal Co., v. Hathaway, supra. Williams v. Bank of Mich., 7 Wend., 539; and, again, that the associates of such company assuming corporate powers, are to be treated as partners. Hill v. Black, 1 Beas. Ch., (N. J.,) 31.
From these considerations, it seems clear to me, that when persons organize as an association for the transaction of business — assuming to be and acting together as a corporation without any color of a corporate franchise, if any one of the members of such organization could escape responsibility on the ground that he does not appear as a subscriber to the stock of the concern, it might open the door to great fraud upon the public. It would enable him to furnish capital for the concern, to receive profits of the same, to act as a member thereof, and to control and direct the business affairs of the company as an officer, or otherwise, and by the use of his name in such way as to secure to the company the- confidence and credit of the public, and yet, upon a failure of the enterprise, he would escape personal liability on the ground thát he does not appear as a stockholder in the concern and claims to be a creditor of the same. Such a system of business will not bear the test of ethical criticism; it may be fraught with great fraud upon the public, and certainly the law will not sanction it.
Now, if I have given a correct interpretation of the law of the case, then the question of fact to be found by the jury under the proofs, is not so much whether the plaintiff held himself out to the public as a partner in the concern, or whether he was to receive part of the profits or share part of the losses; but whether-he was a member of the company, assuming to act as a corporation — holding himself out to the public — -using his name, and engaging in its business transactions as such member of the concern. The plaintiff having utterly failed to show that the company had any corporate existence, *427 the evidence offered was properly rejected; and the instructions requested to be given to the jury on the part of the plaintiff" and refused by the court, are inconsistent with this exposition of the law, and therefore, although as abstract propositions of law they'may be correct, so far as they go, yet for the reasons given, I think they tended to mislead the jury in this case.
The court, however, instructed the jury that in order to justify a recovery against the plaintiff in error, “the burden is upon the plaintiff (now defendant in error) to establish by a preponderance of evidence the elements necessary to make a partnership between Abbott and some or all” of the parties sued; and further, that “if he, Abbott, were a member of the concern styled The Eegister Siqelting and Eeffning Company, with which the plaintiff (now defendant in error) transacted the business, or if he held himself out as such, as president or otherwise, he is liable in this action.” The question of fact for determination by the jury seems, therefore, to have been fairly submitted to them by these instructions; and the instruction asked by the defendant in error, and excejited to by plaintiff is, substantially, the same as those given by the court as above stated, and constitutes no sufficient ground for disturbing the judgment.
Judgment aeeirmed.