HENRY BROADWATER, PLAINTIFF IN ERROR, V. SAMUEL JACOBY, DEFENDANT IN ERROR.

1. **Appeal from Justice of the Peace:** TRANSCRIPT. Where a transcript of a justice's docket shows that the parties were present at a trial, and that the cause was tried, both parties being sworn and examined as witnesses, the fact that the defendant was called as a witness for plaintiff will not deprive him of the right of appeal to the district court.

2. **Answer:** GENERAL DENIAL: EVIDENCE. When an answer to a petition consists of a general denial, the defendant may introduce such testimony as will tend to disprove the testimony given by the plaintiff in support of his petition. For such purpose no other allegations in the answer are necessary.

3. **Married Women.** The personal property which any woman in this state may own at the time of her marriage, and the rents, issues, profits, or proceeds thereof, and any real, personal, or mixed property which shall come to her by descent, devise, or the gift of any person except her husband, or which she shall

acquire by purchase or otherwise, will remain her sole and separate property, notwithstanding her marriage, and will not be subject to the disposal of the husband, but the wife may sell and convey such property and enter into any contract with reference to the same the same as a married man may do with reference to his property.    She may dispose of her personal property, and if sold in good faith the title and right to possession will pass to the purchaser free from any claims of the husband.

APPEAL from the district court of Lancaster county.

*Foxworthy & Son*, for plaintiff in error.

*L. C. Burr*, for defendant in error.

REESE, J.

This cause originated before a justice of the peace, where Broadwater sued Jacoby for the sum of $100, for the alleged conversion of certain hogs of that value.    Judgment being rendered in favor of plaintiff, defendant appealed to the district court.    In that court plaintiff moved to dismiss the appeal, for the reason that no defense was made in the court below.    This motion was overruled, and the ruling thereon is now assigned for error.

Conceding as law all that is claimed by plaintiff in error, we still think there was no error in the ruling of the court below upon this motion.    By reference to the transcript of the docket of the justice of the peace it may be seen that both parties appeared at the time of trial; that a jury was waived and a trial had.    The plaintiff took the witness stand in his own behalf, and then placed the defendant on the stand as his witness.    It is quite probable, and indeed we must presume the fact to be, that the examination of those witnesses was as to the merits of the case, and that the decision of the justice of the peace was made thereon.

It would be difficult to see for what purpose the defendant would desire to go upon the witness stand a sec-

ond time for the purpose of testifying upon the merits, after having been examined by his adversary and cross-examined by his own counsel, if such were the fact. The presumption would be that the case was pretty well presented. So far as is shown, the trial before the justice of the peace was a full investigation of the merits of the case, from the conclusion of which either party, being dissatisfied, could appeal. *Rawalt v. Brewer*, 16 Neb., 444.

The second question presented is, that the trial court erred "in allowing defendant to introduce any testimony, for the reason that he did not plead any new matter of defense, and erred in overruling plaintiff's motion to strike all the testimony from the record, for the reason that the same had not been properly pleaded." The answer is a general denial of "each and every allegation" contained in the petition. As we understand the rules of pleading and the admission of testimony, a general denial of the allegations of a petition presents an issue, upon which testimony may be introduced by both parties. There can be no doubt of this. The court did not err in overruling the objection to testimony. At the close of the testimony plaintiff's attorney moved to strike out all the "testimony offered and introduced by the defendant in this case, for the reason that they had not set up any defense in their answer, and not having set up any defense in their answer they are not entitled in law to introduce any testimony whatever." To say the least, this objection is far-reaching, and covers the whole ground sought to be occupied by plaintiff in error. But, without elaboration, we must be content by saying that *at least* such testimony as tended to contradict the allegations of the petition, that plaintiff was the owner of the property in dispute, and that defendant had converted it to his own use, and the testimony introduced in support of them, would be competent under a general denial, and therefore the court did not err in its ruling.

The next, and last, contention is, that the court erred in

giving certain instructions asked by defendant. They are as follows:

"1. The jury are instructed that the husband acquires no right in the nature of a lien or title to compensation for his labor upon his wife's separate property, and in the absence of an express agreement to that effect there is no implied obligation on the part of the wife to compensate the husband for his supervision of and labor bestowed upon her separate property.

"2. The jury is further instructed that the ownership of a farm carries with it at law and in equity the right to its products, whether stock or crops raised thereon, and that the labor of the husband for the owner of such farm, though mingling in the production, creates no title to the product, whether the labor be that of a husband or another, in the absence of an agreement to that effect.

"3. The jury is further instructed that all the property which can be shown by the testimony to belong to the separate estate of the wife, whether real, personal, or mixed, and all the rents, issues, profits, and increase thereof, are sacred to the use of the wife, and are not subject to the disposition of the husband, nor liable for his debts.

"4. The jury is further instructed that if you shall find from all the testimony that the hogs here in question were, at the time this suit was brought, the separate property of the wife, or were purchased or raised for her with the profits, proceeds, or products of her separate property, whether real or personal, then your verdict must be for the defendant."

The objection urged to these instructions is, that they fail to allow the husband any compensation for his services rendered in taking care of and managing the property of the wife. A number of authorities are cited in support of the theory that the personal property vested, to some extent at least, in the husband.

It should be here remarked that the property in question

in this suit was purchased by the defendant from the wife of plaintiff. Plaintiff insists the hogs were his. The farm upon which the plaintiff and his wife resided was the property of the wife, and this property evidently belonged to the wife. The question of ownership was left to the jury, and they found the title to be in the wife until her sale and delivery to defendant. The instructions, while somewhat fervid and considerably embellished with a display of language, are in essence a statement of the law of this state with regard to the rights of married women (see chapter 53, Compiled Statutes), and being applicable to the case were properly given.

No error appearing of record, the judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.