### G. H. WIEDEMAN v. CLARENCE E. HEDGES.

FILED DECEMBER 4, 1901.   No. 10,585.

1. **General Denial:** TESTIMONY. When an answer to a petition consists of a general denial, the defendant may introduce such testimony as will tend to disprove the testimony given by the plaintiff in support of his petition. For such purpose no other allegations in the answer are necessary. *Broadwater v. Jacoby,* 19 Nebr., 77.

2. **Value of Materials:** VERBAL CONTRACT: GENERAL DENIAL. In an action against a defendant for the value of materials alleged to have been sold to him under a verbal contract, he may, under a general denial, prove that the contract on which the cause of action is based was made with and the material sold to a third party.

ERROR from the district court for Lancaster county. Tried below before HOLMES, J. *Reversed.*

*Mockett & Polk,* for plaintiff in error.

*M. L. Easterday, contra.*

HOLCOMB, J.

In the court below the defendant in error, plaintiff therein, began an action for the recovery of the value of certain material alleged to have been sold the defendant, plaintiff in error, under a verbal contract, to be used in the manufacture of certain machinery by the defendant and others associated with him, which material, at the defendant's request, was furnished to the foreman engaged in the manufacture of such machinery. The answer was a general denial. Verdict and judgment were rendered against the defendant, and to secure the reversal thereof he prosecutes error in this court.

On the trial the defendant offered evidence tending to prove that he and others, as partners, were engaged in the manufacture of the machinery referred to, and that the material for which the suit was brought was contracted for by the partnership, and sold to it by the plaintiff, and not to the defendant individually. All such evidence was ex-

cluded on the objection of the plaintiff, and the rulings thereon duly excepted to by the defendant. By these rulings error was committed to the defendant's prejudice. Evidence tending to prove that the contract pleaded in the petition and relied upon by the plaintiff as his cause of action was made with and the material sold to the partnership, it occurs to us, would controvert and rebut the facts which the plaintiff must establish in order to maintain his action, and, if so, the offered testimony was admissible under a general denial. *Broadwater v. Jacoby,* 19 Nebr., 77; 1 Ency. Pl. & Pr., 818, and authorities there cited. If suit is brought against A. for goods alleged to have been sold him, it would seem that the facts necessary to be established under the petition before a recovery could be had could hardly be more directly controverted than by evidence establishing the fact that the contract was made with and the goods sold to B., and all such testimony is admissible under a general denial. The learned trial court, it appears, took the view that the defendant's liability was collateral, in that he had assumed and agreed to pay for the goods sold the partnership, and it was immaterial who was liable on the original undertaking. But counsel for plaintiff contends that the suit is founded on an original undertaking of the defendant, who thereby became a debtor by virtue of a contract entered into whereby he bought and agreed to pay for the material in the first instance, and to whom alone credit was extended, and the petition is evidently framed on that theory. The defendant's liability under the allegations of the petition, if existing, is that of a principal debtor on an original and independent undertaking; and, to relieve himself of the alleged obligation, he should, under his general denial, be permitted to offer evidence tending to prove that the contract sued on was made with and the goods sold to a third party. For the reason stated, the judgment must be reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.