## H. J. HUGHES COMPANY, APPELLEE, V. FARMERS UNION PRODUCE COMPANY ET AL., APPELLANTS.

### FILED JULY 13, 1923. No. 22485.

1. **Corporations:** CORPORATION DE FACTO. To constitute an association of persons a corporation *de facto,* there must exist some color of a corporate franchise under which they are operating.

2. ———: ———: COLOR OF FRANCHISE. To constitute such color, some *bona fide* effort, clearly intended as an attempted compliance with some provision of the statute requisite to a corporate franchise, must be shown.

3. ———: ———: ———. The adoption of articles and perfection of an organization in the usual manner, followed by the holding of meetings and transaction of business in a manner appropriate to a corporation, and the existence of a law under which one might have been formed, are insufficient to constitute a corporation *de facto,* for want of color of franchise, even though the parties intended to incorporate and believed they had done so.

4. ———: ———: ESTOPPEL. A corporation *de facto* cannot be created by estoppel, the only effect of the estoppel being to prevent the question being raised.

5. **Partnership:** PLEADING AND PROOF. Where members of an association are sought to be charged as partners, and the answer is a general denial, the defendants may show that they were a corporation, or may show any fact which tends to dispute the facts necessary for plaintiff to prove, without pleading the same specially.

6. **Estoppel in Pais:** PLEADING. In order to let in evidence of an estoppel *in pais,* the facts constituting the same must be pleaded; such an estoppel cannot be shown under a general denial.

APPEAL from the district court for Franklin county: LEWIS H. BLACKLEDGE, JUDGE. *Affirmed.*

*Bernard McNeny,* for appellants.

*Stout, Rose, Wells & Martin* and *Frank J. Munday,* contra.

Heard before MORRISSEY, C. J., GOOD, J., COLBY and REDICK, District Judges.

REDICK, District Judge.

Action upon certain accounts by plaintiff against defendants seeking to charge them as partners in an unincorporated association doing business as Farmers

Union Produce Company. There was judgment against defendants individually, and they appeal. There is no dispute as to. the amount due plaintiff, the only contentions of defendants being (1) that they constituted a corporation *de facto,* and (2) that plaintiff is estopped to question their corporate character and claim an individual liability.

Plaintiff produced certificates from the secretary of state and county clerk to the effect that no articles of incorporation had been filed by Farmers Union Produce Company, and evidence showing certain of defendants to be members of the association, and rested.

Defendants then introduced record of a meeting held October 5, 1918, showing the adoption of "Constitution and By-Laws" of "Farmers Union Produce Company." This document contains no declaration of an intention to form a corporation—the company being called an association—the only reference to a corporation being a provision for amendment of "the articles of incorporation" in article LV, sec. 4. The original document was not produced, the evidence fails to show it was ever signed or acknowledged, and no copy was ever filed anywhere. An effort was made to identify exhibit 1 as the articles of incorporation, but the witnesses who signed it were evidently mistaken as to the document. It appears that exhibit 1 was prepared sometime in April, 1919, for a different purpose, and a comparison with the articles in the record book of the company demonstrates that the latter is not a copy of the former, the word "corporation" in the later document being substituted for the word "association" in the earlier one. Exhibit 1 was never acknowledged nor filed. An organization similar to that of a corporation was effected, however, by the election of a board of directors, and officers of the company, meetings were held and minutes kept in a crude sort of way; and, while the question is not free from doubt, it may be assumed that the parties attempted to form a corporation and believed they had done so. The

business was carried on in the name of "Farmers Union Produce Company" and all letters and statements from plaintiff were so addressed. The case of plaintiff is not grounded upon any fraud or holding out as partners; it seems to have dealt with defendants without any investigation as to their legal status as an association; and their position is that defendants are neither a corporation *de jure* nor *de facto,* and therefore they are liable as partners. That they are not a corporation *de jure* is conceded, so the question is whether under the evidence they were one *de facto.*

The answer was a general denial; and plaintiff contends that the question is not thereby presented; but the allegation of the petition is that they were an unincorporated association, and 'a general denial is sufficient to let in proof of no association or any other kind of an association to rebut that statement. This is not a special matter of defense that must be pleaded, but is a fact which tends to disprove the allegation of the petition by showing a situation inconsistent therewith. If the allegation was that defendant was a citizen of the United States, under a general denial defendant could show that he was born in Germany and had never been naturalized, for such facts meet directly the charge of the petition. Any evidence which tends directly to contradict the allegations of a pleading to which it is interposed is admissible under a general denial. *Wiedeman v. Hedges,* 63 Neb. 103; *Broadwater v. Jacoby,* 19 Neb. 77; *Hanson v. Diamond Iron Mining Co.,* 87 Minn. 505; *Bolton v. Missouri P. R. Co.,* 172 Mo. 92.

Were the defendants a corporation *de facto?* In *Abbott v. Omaha Smelting & Refining Co.,* 4 Neb. 416, it was shown that the organization of the company was in all respects in conformity with the requirements of the law except that it had not filed its articles with the county clerk, and that it did business as a corporation, and evidence was offered that plaintiff transacted business with and recognized defendant as a corporation.

It was said that to establish a *de facto* corporation "it is necessary to show user of a corporate franchise," and before any franchise could exist the articles must be filed. "If the mere act of organization by the individuals conferred the corporate franchise, why should the statute require the articles to be filed and recorded in the office of the county clerk as a prerequisite to corporate existence?" "Hence, if the acts and proceedings of a company or association consist only of such acts and proceedings as might be performed without an incorporating act, or corporate grant or franchise, a corporation cannot be inferred from such acts"—citing *Greene v. Dennis*, 6 Conn. 293. The syllabus of the *Abbott* case, "To establish the existence of a corporation *de facto*, a charter or some law under which the assumed powers are claimed to be conferred, and user of the franchise thereby obtained, must be shown," omits the element of an attempt, at least colorable, to comply with the statute, but the opinion and the cases cited recognize the necessity of such an attempt, as by filing the articles. The rule was more fully and accurately stated in *Lusk v. Riggs*, 70 Neb. 718: "Where the law authorizes a corporation and there has been an attempt in good faith to organize, and the requirements of the statute have been colorably complied with and corporate functions thereafter exercised, there exists a corporation *de facto*, which cannot ordinarily be called in question collaterally."

There is some apparent difference of opinion as to what facts are necessary to be shown to establish the existence of a corporation *de facto*, and it is not intended to hold that the filing of the articles is the only act which will authorize the requisite inference, but the authorities are practically unanimous upon the point that there must be some color of a corporate franchise before even an inference of such a corporation is permissible; and to acquire this requisite color, some effort, springing directly from its requirements, must have been made to comply with the statute. This does not mean a substantial

complia ce, because that is all that is requisite for a corporation *de jure,* as suggested in *Finnegan v. Noerenberg,* 52 Minn. 239, and it is there stated: "But there must be an apparent attempt to perfect an organization under the law. There being such apparent attempt to perfect an organization, the failure to comply with some substantial requirement will prevent the body being a corporation *de jure;* but if there be user pursuant to such attempted organization, it will not prevent it being a corporation *de facto*"—citing cases. This case clearly distinguishes between persons acting with and those acting without color of organization, and holds that the mere existence of a law under which a corporation *might* be formed, unaccompanied by any attempt to do anything required thereby looking toward a franchise. will not satisfy the requirement of a colorable compliance, to support a claim of a *de facto* corporation. The reasoning of this case is convincing.

In *Abbott v. Omaha Smelting & Refining Co., supra,* it was said: " 'Organization' * * * means simply the process of forming and arranging into suitable disposition the parts which are to act together in, and in defining the objects of, the compound body, and that this process, even when completed in all its parts, does not confer the franchise, either valid or defective, but, on the contrary, it is only the act of the individuals, and therefore something else must be done to secure the franchise."

These acts necessarily precede the filing of the articles, which is the first step to initiate a franchise. Up to the filing of the articles the power and authority of the state is not invoked, and the body has not received the breath of life necessary to its existence as a legal entity, defective or perfect. That case has never been criticised, so far as we are advised, but has been cited with approval many times in this and other states. The cases of *Haas v. Bank of Commerce,* 41 Neb. 756, *Lusk v. Riggs,* 70 Neb. 718, and *Kleckner v. Turk,* 45 Neb. 187, were all

cases where the articles had been filed, and do not criticise the *Abbott* case, but distinguish it. *Globe Publishing Co. v. State Bank,* 41 Neb. 175, involved the liability of stockholders of a *de jure* corporation before exhausting the remedies against the corporation. In *Hogue v. Capital Nat. Bank,* 47 Neb. 929, the existence of a corporation *de facto* was assumed. In *Otoe County Fair & Driving Park Ass'n v. Doman,* 1 Neb. (Unof.) 179, the facts are not given; but it is stated that the persons acted under color of authority and were therefore a *de facto* corporation. In *Livingston Loan & Building Ass'n v. Drummond,* 49 Neb. 200, the objection was that the articles of incorporation were not sig ed by a sufficient number of persons, and it was held defendant was prohibited by statute from raising the question. None of these cases holds that a *bona fide* effort to comply with the statute is not necessary, but when the question is discussed that doctrine is affirmed.

In the case at bar no step was taken which gave defendants any color of right to a corporate franchise. The most that can be said is that they prepared to secure a franchise, but stopped short of any act which would secure their purpose.

The following cases cited by appellants do not apply for the reasons noted: In *Swofford Bros. D. G. Co. v. Owen,* 37 Okla. 616, *Snider's Sons' Co. v. Troy,* 91 Ala. 224, and *Slocum v. Head,* 105 Wis. 431 articles were filed; in *Jennings v. Dark,* 175 Ind. 332, a colorable attempt was made to incorporate under an act of 1850, and the company was recognized as a *de facto* corporation by act of the legislature changing its name; in *Mason v. Stevens,* 16 S. Dak. 320, there was legislative recognition as a *de facto* corporation; in *Whipple v. Tuxworth,* 81 Ark. 391, an improvement district was to be incorporated by filing a petition, which was filed, and objections were to the qualifications of the signers. Only one case has been called to our attention in anyway intimating that a corporation *de facto* may exist without color of authority,

*Magnolia Shingle Co. v. Zimmern's Co.*, 3 Ala. App. 578, but the holding there was upon the ground of estoppel.

Our conclusion is that defendants are not entitled to claim that they are a corporation *de facto,* and we are supported by the following additional authorities: *Harrill v. Davis,* 168 Fed. 187; 1 Fletcher, Cyclopedia of Corporations, secs. 289, 290, 294, 298, 303.

It is contended, however, that, the plaintiff having dealt with defendants as a corporation, it is estopped from now questioning its corporate character. The answer was a general denial and, therefore, this defense is not available. *Burwell Irrigation Co. v. Lashmett,* 59 Neb. 605; *Henderson & Co. v. Keutzer,* 56 Neb. 460; *Scroggin v. Johnston,* 45 Neb. 714. These cases and many others in this state hold that the facts constituting an estoppel *in pais* must be specially pleaded; this is the general rule.

AFFIRMED.