CONTINENTAL CASUALTY CO. v. INDUSTRIAL COMMISSION et al.

No. 3981.	Decided December 17, 1923.	(221 Pac. 852.)

1.	MASTER AND SERVANT—FINDING ACCIDENT CAUSE OF COMPENSATION CLAIMANT'S INJURY NOT SUSTAINED. A finding that an accident was the cause of an employee's injury, entitling him to compensation, is not sustained, where the only testimony on that issue was that of two physicians to the effect that the injury was a recurrence of an injury previously received, which recurrence might occur by a mere movement of the arm.[1]

2.	MASTER AND SERVANT—COMPENKSATION FOR RECURRENT DISEASE DEPENDS ON CIRCUMSTANCES. Acceleration of a disease is not the same as a recurrence of an injury, and where there are two accidents, the question whether disability should be attributed to the first or second accident depends on the circumstances of the particular case.

[1] *Pinyon Queen Min. Co.* v. *Industrial Commission*, 59 Utah, 402, 204 Pac. 323; *Tintic Milling Co.* v. *Same*, 60 Utah, 14, 206 Pac. 278, 23 A. L. R. 325.

3. MASTER AND SERVANT—RECURRENCE OF INJURY REQUIRES NEW PROCEEDING FOR COMPENSATION. Where an injury sustained by an employee was a recurrence of an injury previously received, and for which compensation had been paid, a new proceeding for compensation is necessary in absence of stipulation conferring jurisdiction in original proceeding.

4. MASTER AND SERVANT—SUPREME COURT LIMITED TO AFFIRMANCE OR ANNULMENT OF AWARD. On appeal from a decision of the Industrial Commission, the Supreme Court is authorized only to either annul or affirm the award as made by the Commission.

Original proceeding by the Continental Casualty Company against the Industrial Commission of Utah and others, to review a ruling of the Commission finding petitioner liable for compensation to Aaron Sabey, for injuries sustained while in the employ of the Royal Coal Company.

AWARD VACATED and ANNULLED.

*Robt. B. Porter,* of Salt Lake City, for plaintiff.

*Bagley, Fabian, Clendenin & Judd,* of Salt Lake City, for defendants.

WEBER, C. J.

This is a controversy between two insurance companies, the appeal being from a decision of the Industrial Commission finding petitioner liable for the payment of compensation to Aaron Sabey for disability resulting from an injury occurring December 4, 1922, while in the service of the Royal Coal Company, at which time petitioner was the insurance carrier of that company. The petitioner claims that the Ætna Life Insurance Company should pay for the disability, on the theory that the injury sustained by Sabey on December 4, 1922, was merely a recurrence of disability due to a former injury suffered by him on July 18, 1922, while in the employ of the same company when the Ætna Life Insurance Company was the insurance carrier.

The facts as shown by the record are: On July 18, 1922,

while working as a miner for the Royal Coal Company, Aaron Sabey was injured by a slab of rock falling from the roof and striking him on the right shoulder, causing a severe contusion, "evidenced mostly by lack of function of the right arm." Having been pronounced "surgically healed" by the surgeon who attended him, he resumed work for the Royal Coal Company on September 8, 1922, working continuously till December 4, 1922, on which day he was again injured. Sabey had been awarded and paid compensation for the first accident, and in January, 1923, was again awarded compensation, the latter being payable by plaintiff.

The Commission found "that on December 4, 1922, Sabey was engaged in starting the fan at the entrance of the mine of the Royal Coal Company, and in throwing the lever forward with a good deal of force using the full length of his arm, it jerked his shoulder, and his right arm became paralyzed at the time." This finding is amply sustained by the evidence.

The question now is, Was the occurrence of December 4, 1922, an accident, or was it merely a recurrence of the injury of July 1922? Had there been no former injury, the answer could not be otherwise than that Sabey suffered an injury by accident on December 4, 1922; but the later injury must be viewed in the light of the undisputed evidence. Doctors McDonald and Baldwin, the only surgeons who testified, said in substance that the injury of December, 1922, was a recurrence of the injury of the previous July, and that such a recurrence might come from any movement of the arm. The record contains no testimony to the contrary. The unavoidable conclusion is that the Commission's finding is not supported by any substantial evidence.

Counsel for defendant call attention to *Pinyon Queen M. Co.* v. *Ind. Comm.*, 59 Utah, 402, 204 Pac. 323, and *Tintic Milling Co.* v. *Ind. Comm.*, 60 Utah 14, 206 Pac. 278, 23 A. L. R. 325, and other cases, in which it is held that when an employee is suffering from a previously existing diseased bodily condition, and such condition is aggravated by an injury suffered by accident, while at work, the employer in whose service the accident occurs is liable to pay compensa-

tion for the resulting disability. The principle involved in those cases has no application here.

An accident, by which a diseased condition of the body is accelerated, is entirely different from the recurrence of an injury.

"When there are two accidents, the question whether the disability should be attributed to the first or second accident depends on the circumstances of the particular case." 1 Honnold, § 135, p. 516.

According to the great weight of authority as stated by the annotator on page 871 of L. R. A. 1918F, "incapacity, which is caused or aggravated by a second injury, received while the employee is suffering from another injury which he had received in his employment, is the result of the first injury, * * * and consequently compensation may be recovered therefor." *Head Drilling Co.* v. *Ind. Acc. Comm.*, 177 Cal. 194, 170 Pac. 157; *Reiss* v. *Northway Motor & Mfg. Co.*, 201 Mich. 90, 166 N. W. 841; *Cook* v. *Hoertz & Son,* 198 Mich. 129, 164 N. W. 464; *Shell Co.* v. *Ind. Acc.*          2 *Comm.,* 36 Cal. App. 463, 172 Pac. 611.

In the instant case the evidence is without conflict to the effect that the second accident was a recurrence of the first injury. The Commission therefore exceeded its legal authority in ordering payment of compensation by plaintiff.

Ordinarily it would require a new proceeding by the applicant for compensation against the insurance carrier that is liable. In this case, however, the two insurance carriers have stipulated in open court that, in case we hold that the plaintiff is not liable, then the insurance carrier that is          3, 4 held liable may be substituted for the plaintiff. In view of that stipulation, the Industrial Commission may enter an order substituting the proper insurance carrier for the plaintiff without a new application, and enforce the order when entered. Under the statute we are, however, authorized only to either annul or affirm the award as made by the Commission. For the reasons stated the award of the Commission is therefore vacated and annulled, with costs to plaintiff.

GIDEON, THURMAN, FRICK and CHERRY, JJ., concur.