DENNIS ALBERTS, AN INFANT, BY CARL F. ALBERTS, HIS NEXT FRIEND, APPELLEE, v. J. PICKARD, FIRST AND REAL NAME UNKNOWN, APPELLANT.

29 N. W. 2d 382

Filed October 24, 1947. No. 32277.

*Spear & Lamme,* for appellant.

*Mapes & Johnson,* for appellee.

Heard before SIMMONS, C. J., PAINE, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ., and KROGER, District Judge.

MESSMORE, J.

This is an action brought under a federal law wherein the plaintiff, by his next friend, seeks to recover treble damages by virtue of the sale of an automobile to a minor, over and above the ceiling price as provided for in such statute.

The record discloses from the plaintiff's evidence, that the minor, in company with his father and mother, went into the business place of the defendant and, after negotiations, purchased an automobile for the amount of $1,250, which was $344.25 above the ceiling price as established in the automobile trade. The defendant, by his answer, denied that the minor was the purchaser. At the conclusion of the evidence the trial court directed a verdict for the plaintiff. Upon the overruling of the motion for new trial, defendant appeals.

The question before this court is whether or not, under the general denial, the defendant would be privileged to introduce evidence to the effect that the minor was not the purchaser of the automobile.

In the case of Broadwater v. Jacoby, 19 Neb. 77, 26 N. W. 629, this court held: "When an answer to a petition consists of a general denial, the defendant may introduce such testimony as will tend to disprove the testimony given by the plaintiff in support of his petition. For such purpose no other allegations in the answer are necessary." Followed in Wiedeman v. Hedges, 63 Neb. 103, 88 N. W. 170. See, also, Hughes Co. v. Farmers Union Produce Co., 110 Neb. 736, 194 N. W. 872.

From an examination of the record in the instant case, the foregoing authorities are applicable, and the judgment of the district court is reversed and remanded for further proceedings.

REVERSED AND REMANDED.