WILLIAM A. TOWNER, APPELLANT, V. WESTERN CONTRACTING CORPORATION ET AL., APPELLEES.

82 N. W. 2d 253

Filed April 5, 1957. No. 34171.

*Kenneth M. Olds* and *Slaughter & Brady*, for appellant.

*Frederick M. Deutsch,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

SIMMONS, C. J.

This is a workmen's compensation case. Plaintiff alleges that he was an employee of the defendants when on August 3, 1954, he suffered an accident to his back resulting in a herniated and ruptured disc; that the injury was not discovered until September 1955; that he underwent an operation in October 1955; and that he suffered temporary total and permanent partial disability therefrom. He seeks compensation, hospital and medical expenses, and attorney's fees under the Workmen's Compensation Act.

The defense, so far as important here, is that the injury and disability resulted from an accident in

the course of plaintiff's employment in September 1955, when plaintiff was the employee of other parties 'who have a different insurance carrier.

The matter was heard before one judge of the compensation court, resulting in a dismissal of the plaintiff's cause. The matter was appealed to the district court and again resulted in a dismissal of plaintiff's cause. Plaintiff appeals here.

We affirm the judgment of the trial court.

The cause is here for trial de novo on the record. Anderson v. Cowger, 158 Neb. 772, 65 N. W. 2d 51.

Preliminary to a statement of the evidence there are other matters which must be determined. In their answer in the district court, defendants denied generally, pleaded the statute of limitations, pleaded that plaintiff had sustained an accidental injury on September 20, 1955, while no longer an employee of the defendants, and alleged that said second accidental injury was the sole and proximate cause of any disability of plaintiff. Plaintiff moved to strike the allegation in defendants' answer as to the September 1955 injury. The basis of this motion was that it was an affirmative defense which had not been pleaded in the compensation court and was the raising of a new issue.

The trial court sustained the motion. The cause went to trial on the general denial and plea of the statute of limitations.

The court admitted evidence of the second injury based on statements of the plaintiff as admissions against interest.

The trial court held that plaintiff had failed to sustain his burden of proof.

As will appear in the discussion of the evidence, the question of the admissibility and consideration of the evidence of the second injury is important to a determination of the questions presented here.

Plaintiff's contention is that the evidence as to the second injury was erroneously admitted, and should

not have been considered by the trial court and cannot be considered here.

Plaintiff argues here that section 48-176, R. R. S. 1943, requires that the defendant by answer either admit or deny the substantial averments of the petition; that he "shall state the contention of the defendant with reference to the matters in dispute"; and that the quoted language required the defendant to plead the second injury in the compensation court if it was to be relied upon as a defense.

The concluding phrase of the sentence in section 48-176, R. R. S. 1943, is "as disclosed by the petition." Plaintiff quotes the clause. He then quits reading too quickly. Section 48-173, R. R. S. 1943, sets out the contents of a petition for compensation concluding with "also stating the matter or matters in dispute and the contention of the petitioner with reference thereto."

At most, the defendants would be required only to state their contentions with reference to the matters in dispute "as disclosed by the petition."

Here the plaintiff did not state the second injury and its results as a matter in dispute, nor his contentions in reference thereto. The statute has no application here. We need not construe it further than to reach that conclusion.

It is suggested in the briefs that the foundation of the trial court's ruling on the motion to strike and the contention that the fact of a second injury was an affirmative defense which had to be pleaded rests upon our decision in Otoe Food Products Co. v. Cruickshank, 141 Neb. 298, 3 N. W. 2d 452, 142 A. L. R. 816. We there held: "Where an employer alleges that a second injury, other than one suffered by the employee in the course of his employment, constituted the proximate cause of the loss of sight of the employee's right eye, such allegation is affirmative, and the employer has the burden of proving the same with reasonable certainty, and, by his failure to so prove, compensation will be

based upon the injury received by the employee in the course of his employment."

An analysis of that case shows that it was misconstrued. In that case the employer was the plaintiff. The employer alleged that the employee had received an eye injury and that he had been paid temporary total disability compensation and medical expenses. The employer then alleged a second accident and injury and that the second accident was not suffered in the course of employment by the plaintiff. The second accident and injury as the proximate cause of the employee's loss of vision was the basic fact put in issue by the plaintiff employer. We held correctly that it was an affirmative allegation which the employer was required to prove to sustain his petition. The decision does not hold that a second injury is an affirmative defense which has to be pleaded if relied upon.

The long-established rule is: "When an answer to a petition consists of a general denial, the defendant may introduce such testimony as will tend to disprove the testimony of the plaintiff in support of his petition. For such purposes no other allegations in the answer are necessary." Alberts v. Pickard, 148 Neb. 764, 29 N. W. 2d 382.

In that case the petition alleged the sale of an automobile to a minor. We held that under a general denial evidence to the effect that the minor was not the purchaser of the automobile was admissible.

The rule above was stated originally in Broadwater v. Jacoby, 19 Neb. 77, 26 N. W. 629. The defendant purchased hogs from plaintiff's wife. Plaintiff claimed ownership of the hogs and sued for conversion. We held that evidence of the defendant that tended to contradict the allegations of the petition that plaintiff was not the owner of the hogs was competent under a general denial.

Wiedeman v. Hedges, 63 Neb. 103, 88 N. W. 170, was an action to recover the value of material sold by the plaintiff to the defendant. The answer was a general

denial. Defendant offered evidence that the material was sold to a partnership of which defendant was a member. We held the evidence offered by defendant to be admissible under a general denial as controverting and rebutting facts which the plaintiff was required to establish.

Hughes Co. v. Farmers Union Produce Co., 110 Neb. 736, 194 N. W. 872, 37 A. L. R. 1314, was a suit upon accounts. The action was against defendants as partners. The answer was a general denial. The defense was that the named defendants were in fact a corporation de facto. We held that the evidence as to a de facto corporate existence was admissible as tending directly to contradict the allegations of the petition.

So here we hold that evidence of the accident and resulting injury of September 1955 as the proximate cause of plaintiff's disability was admissible under the general denial. It tends directly to contradict the allegations of the plaintiff's petition that the accident of August 1954 was the cause of his injury and present disability. That evidence is for consideration here.

The fact situation here is not in serious dispute.

The plaintiff at the time of the hearing was 34 years of age. He had some time prior to the first accident, later referred to herein, suffered from "charlie horses" or muscle cramp in his legs. There is evidence that could relate these incidents to beginning after he had played football in his high school days. At any rate he testifies that they occurred not frequently, but prior to August 3, 1954. At that time plaintiff was an employee of the defendants as a carpenter. A rock slide occurred and a rock hit his lower back causing bruises and muscle injury. He was examined by defendants' doctor, and normal X-rays were taken. No severe injury was found. He was found to be able to resume his regular employment and did so for the following 6 or 8 weeks. He did not again ask for medical care although he had treatments by a chiropractor for a few

times. He was then "laid off." During the following months he lost weight rapidly and then regained it by private medical treatment. We find no contention that the loss of weight had anything to do with his present disability.

He began work as a carpenter in March 1955 for a different employer, not a party to this proceeding. He worked as a carpenter and carpenter foreman for this second employer until September 21, 1955. During this period the frequency and severity of the "charleyhorse" trouble increased somewhat but was in nowise disabling.

On September 21, 1955, a scaffold fell on plaintiff striking his right thigh above the knee. It was not disabling. This accident was not reported to the plaintiff's employer. However, pain developed after the accident in his leg and back. Plaintiff went to the doctor September 22, 1955, with severe and disabling pain. He was hospitalized September 24, 1955, and during the period of the examination gave the doctor the history of the accident of September 21, 1955. It was noted in his history on the hospital records and the physician testified to the fact that plaintiff told him of it. Plaintiff does not deny the statement or the fact of the second accident.

On Sepember 30, 1955, a myelogram revealed disc trouble in his lower back. On October 13, 1955, an operation was performed on plaintiff. The doctors found that he had a herniated disc and a ruptured disc.

Plaintiff made a normal recovery from the operation. It was followed by temporary total disability and there is a claim of partial permanent disability. The doctors who testified did not entirely agree on the differences between a herniated disc and a ruptured disc. They did substantially agree that a herniated disc may be congenital, caused by defective structure in the bones of the spine, or caused by trauma. They agreed that a herniated disc may be a condition of long stand-

ing and not necessarily disabling or revealing of its presence.

They agreed also that a ruptured disc makes its presence known almost immediately and often by severe and quite disabling pain.

Plaintiff's expert witnesses testified that in their opinions the accident of August 3, 1954, set up the groundwork of the herniated disc that later developed into the disabling situation of September 1955.

Defendants' expert witness doubted if the injury of August 3, 1954, had anything to do with the disc condition. He also held that the accident of September 21, 1955, "could be the precipitating factor," followed as it was by the disability. He further testified that a ruptured disc could occur without a previously existing herniated disc.

Plaintiff's doctor, who examined plaintiff in September 1955, testified that in his opinion the injury of August 3, 1954, would be a cause of pain in his back and legs "if he sustained a ruptured intervertebral disc." He further testified that, absent "other history of injury," based on the history given him, it was his opinion that plaintiff was suffering from a ruptured or herniated disc from sometime in 1954. On cross-examination one of plaintiff's doctors testified that a ruptured disc usually gives rather quick symptoms and that he doubted that the ruptured disc was caused by the accident of August 3, 1954. He further testified that the accident of September 21, 1955, "undoubtedly produced acute changes * * * That made it impossible for" plaintiff to work. He concluded with the opinion that "the injury of September 1955 was a very probable contributing factor and caused the rupture of the disk (sic)"; that the August 1954 injury "laid the groundwork so that another accident could create the total disability"; and that the rupture of the disc created the total disability.

The evidence shows, at most, that plaintiff suffered

an accident on August 3, 1954, which resulted in a herniated disc condition in his back; that this situation existed in March 1955 when he went to work for an employer, not a party to this action; and that it continued up until September 21, 1955, when he suffered the accident that was the cause of the disability for which he seeks compensation.

The question is: Must the 1954 employer respond and pay compensation benefits under the Workmen's Compensation Act?

Plaintiff relies on the rule stated in Tippett & Bond v. Moore, 167 Okl. 636, 31 P. 2d 583: " 'Where there have been two accidents to an employee, the question of whether the disability sustained by him should be attributed to the first accident or to the second accident depends on whether or not the disability sustained was caused by a recurrence of the original injury or by an independent intervening cause. * * * If the second injury is but a recurrence of the original injury, compensation therefor must be paid by the employer and insurance carrier at the time of the first injury.' "

We adopt the rule. It, however, requires amplification as to the determination of what constitutes "an independent intervening cause."

The Supreme Court of Michigan answered that question in Brinkert v. Kalamazoo Vegetable Parchment Co., 297 Mich. 611, 298 N. W. 301. In that case, as here, the first accident set up the condition which was aggravated to the point of disability by the second accident. The two accidents were not associated in any way except that they both contributed to the same end. The rule established by that case is that where the first accident was not a proximate cause of the second accident, the second accident constitutes an independent intervening cause.

Here it is manifest that the first accident did not cause the second accident. The disability, as dis-

tinguished from the condition, resulted from the second accident.

Plaintiff relies on Otoe Food Products Co. v. Cruickshank, *supra*. There we concluded that the second accident under the facts was not an independent intervening cause of plaintiff's loss of vision.

Plaintiff relies further on Tippett & Bond v. Moore, *supra,* and Deep Rock Oil Corp. v. Betchan, 169 Okl. 42, 35 P. 2d 905.

The above decisions must be analyzed in the light of the fact that the appellate court was required to accept the findings of fact made by the commission if supported by competent evidence.

In Tippett & Bond v. Moore, *supra,* the commission found that the second "occurrence" was a "recurrence of the original injury." The appellate court found competent evidence to support the finding and affirmed the award.

In the Deep Rock Oil Corporation case there was an accident with resulting compensable injury. There was a later "incident" which the employer claimed was a subsequent and noncompensable injury. The court held that: "Not every incident following an injury which physically aggravates it can be treated as a responsible intervening agency." The court affirmed the order of the commission, as sustained by the record, in disregarding the second incident as a responsible cause. In doing so, the court relied upon Head Drilling Co. v. Industrial Accident Commission, 177 Cal. 194, 170 P. 157. In that case the employee had sustained a severe fracture of his leg in a compensable accident. While convalescing at home, in an attempt to save himself from a fall, the employee struck the injured leg against a piece of furniture and the broken bone separated. The court held that this was a result to have been reasonably anticipated and was a proximate result of the original injury. The court found support in the evidence for that conclusion and sustained the award. Our decision in the

Otoe Food Products Company case is consistent with this decision.

In its decision the California court referred to Pacific Coast Casualty Co. v. Pillsbury, 171 Cal. 319, 153 P. 24. In that case the employee received a broken arm in July 1914 and was paid compensation. Several weeks later the bone separated as a result of careless use of the arm or by new accident. The commission allowed compensation without regard to the fact that the additional disability arose from a subsequent intervening cause. The court held that there was no evidence to sustain the award as made, and annulled it.

This distinction is made clearer in the cases that followed in the Oklahoma court.

In Rialto Mining Co. v. Perry, 200 Okl. 474, 196 P. 2d 687, the employee was operated on for a hernia and had recovered. He later entered the defendant's employ and suffered a hernia which came through the scar of the operation. The evidence was conflicting as to whether the hernia was a recurrence of the original hernia or due to an independent or intervening cause. The court on appeal ordered the commission to determine that fact.

In Sutton & Sutton v. Courtney, 203 Okl. 590, 224 P. 2d 605, the employee on July 15, 1949, slipped and fell causing injury and pain to his right hip. On the following day, while working on a job covered by a different insurance carrier, he felt pain in his back. He suffered a ruptured intervertebral disc. The physicians were not in agreement as "to the time the injury occurred." The commission held that the disability was caused by the first incident. The court held that the evidence sustained the finding and affirmed the award.

In Sigler v. Tillery & Jones (Okl.), 292 P. 2d 423, the employee sustained an injury to his back on April 23, 1953. He was operated on for a spinal injury and paid compensation. On September 18, 1954, while working for another employer in lifting and stacking truck tires

"something popped in his back." The commission held that the employee's condition was the result of a new accident on September 18, 1954. The court on appeal held that the finding was supported by the record, and affirmed the award.

Plaintiff also relies upon Continental Casualty Co. v. Industrial Commission, 63 Utah 59, 221 P. 852. The commission found that the second accident was not a recurrence of the injury caused by the first accident. On appeal the court held that the finding was not supported by any substantial evidence and vacated the order. The court held that the second accident was a recurrence of the first injury.

Plaintiff relies further on Jarrett v. Travelers Insurance Co. (Tex. Civ. App.), 66 S. W. 2d 415. That case was an appeal by the employee from an unsatisfactory award. In that case there were two accidents on two different dates. The court held that the award included compensation for the injury occasioned by the two accidents. The question here does not seem to have been presented or decided in that case.

Plaintiff further relies on Phillips v. Holmes Express Co., 190 App. Div. 336, 179 N. Y. S. 400. That decision rests on the finding that "nothing would have occurred on" the day of the second accident but for the first accident. The case is consistent in result with Brinkert v. Kalamazoo Vegetable Parchment Co., supra. Such a finding cannot be made here. In fact the evidence is conclusive that the accident of September 21, 1955, had no relationship to the accident of August 3, 1954.

When analyzed the plaintiff's cases sustain the rule that there must be a causal relationship between the first accident and injury and the second accident in order to sustain an award such as is sought here.

The rules are: "In order to recover, the burden of proof is upon the claimant in a compensation case to establish by a preponderance of the evidence that personal injury was sustained by the employee by an acci-

dent arising out of and in the course of his employment. * * * An award of compensation under the Workmen's Compensation Act may not be based on possibilities, probabilities, or speculative evidence." Jones v. Yankee Hill Brick Manuf. Co., 161 Neb. 404, 73 N. W. 2d 394.

The necessary conclusion is that plaintiff has not met the requirements of the burden of proof.

The judgment of the trial court is affirmed.

AFFIRMED.