407 P.2d 683

**VINCENT DRUG COMPANY, Inc., a Utah corporation, Plaintiff,**

**v.**

**UTAH STATE TAX COMMISSION, Defendant.**

No. 10384.

Supreme Court of Utah.

Nov. 15, 1965.

Craig T. Vincent, Salt Lake City, for plaintiff.

Phil L. Hansen, Atty. Gen., State of Utah, Ronald N. Boyce, Asst. Atty. Gen., State of Utah, F. Burton Howard, Tax Commission, State of Utah, for defendant.

WADE, Justice.

Vincent Drug Company, Inc., seeks a review and reversal of a decision of the State Tax Commission levying a deficiency tax assessment on its corporation franchise tax.

The facts are not in dispute. It is stipulated that on "January 2, 1962, Articles of Incorporation for Vincent Drug Company, Inc., a Utah corporation, were filed with the Secretary of State, Salt Lake City, Utah, together with the corporation's check for $45.00 representing filing and license fees.

Before this time, Vincent Drug had operated as a proprietorship, but after this date it began to conduct business within the State of Utah as if it were a corporation pursuant to its Articles, * * *" Subsequently these Articles were returned to the corporation's counsel because the street addresses of the incorporators and directors had not been included as provided by the new Business Corporation Act which went into effect on January 1, 1962. The license and filing fees were retained. Before the corporation became aware of this defect in its Articles, it had elected to conduct its business on a fiscal year ending March 31 and tax returns were properly prepared and filed on this basis for the period January 2, 1962, to March 31, 1962, and this initial return was used for computing the tax for the ensuing year on a prepaid basis under the provisions of Sec. 59–13–21, U.C.A.1953, replacement volume.[1] The corporation paid the amount computed on this basis.

---

1. 59–13–21, U.C.A.1953. Tax on corporations commencing business.—A corporation which commences to do business in this state shall upon incorporation or qualification prepay the minimum tax of $10, and upon the filing of its return within two months and fifteen days after the close of its first taxable year it shall pay a tax for the privilege of doing business in the state during the period covered by the return, computed in the manner provided for the computation of a tax based upon a return for a fractional part of a year, with credit allowed for the amount prepaid.

The tax to be paid by the corporation for the privilege of doing business in this state during the twelve-month period commencing with the expiration of its said first taxable year, shall be equal to an amount which bears the same ratio to the sum determined as the tax for the period covered by the return, disregarding the $10 minimum, as twelve bears to the number of months included in such period, but in no event shall such tax be less than $10, and one quarter of said tax shall be due and payable at the time of filing its said first return; one quarter on or before five months and fifteen days after the close of its taxable year; one quarter on or before eight months and fifteen days after the close of its taxable year; and one quarter on or before the eleven months and fifteen days after the close of its taxable year.

Corrected Articles showing the street addresses of the incorporators and directors were filed and on May 21, 1962, the Secretary of State recorded the Articles of Incorporation. On February 20, 1964, the State Tax Commission advised the corporation that for purposes of the franchise tax, May 2, 1962, was the date of its incorporation and therefore the return filed by it for the period ending March 31, 1962, as its initial return as a corporation was not acceptable as such. Rather the return it filed for the year ending March 21, 1963, which was the first return after receiving its charter in May, 1962, was considered by the Tax Commission to be the initial return. Based on the information in this later return, the Tax Commission determined there was a deficiency of $769.48.

It is the position of the Tax Commission that the corporation did not exist as such until all conditions prescribed for under the provisions of our Utah statutes had been complied with and a corporate charter issued.

██ Although, under the provisions of Sec. 16-10-51, U.C.A.1953, a corporation begins to exist upon the issuance of the certificate of incorporation, and such charter is conclusive evidence that all conditions precedent have been complied with, it does not follow that a corporation cannot exist before such issuance of a certificate of incorporation. Where a bona fide attempt to organize a corporation under a valid law has been made, and the incorporators have done business as such a corporation, and but for some unintentional formal defect there would be a de jure existence, the association is a de facto corporation and its existence as a corporation cannot as a rule be inquired into collaterally.[2] This is that kind of case. There is no question but what the Articles of Incorporation were filed with the Secretary of State as required and the fees paid before the corporation herein commenced its corporate existence under its bona fide belief that it had been properly organized as such. The fees were never returned and the charter was actually issued within a few months after the correction was made. We therefore hold that the plaintiff herein was a corporation de facto as of January 2, 1962, when it started business as a corporation, and that its initial return for franchise tax purposes showing the commencement of business as of that date was correct. It follows that the State Tax Commission erred in assessing the deficiency.

Reversed.

HENRIOD, C. J., and McDONOUGH, CROCKETT, and CALLISTER, JJ., concur.

2. Marsh v. Mathias, 19 Utah 350, 56 P. 1074; 18 Am.Jur.2d Corporations, Sections 49, 50 and 51; Hughes Co. v. Farmer's Union Produce Co., 110 Neb. 736, 194 N.W. 872, 37 A.L.R. 1314.