CHARLES EUGENE BREED, APPELLEE, v. INTERSTATE GLASS COMPANY AND NATIONAL UNION INSURANCE COMPANIES, APPELLANTS AND CROSS-APPELLEES, IMPLEADED WITH GLASS CONTRACTORS, INC., AND EMPLOYERS COMMERCIAL UNION INSURANCE GROUP, APPELLEES AND CROSS-APPELLANTS.

196 N. W. 2d 169

Filed April 7, 1972. No. 38189.

Haney, Wintroub & Haney, for appellants.

Charles E. Kirchner and Oliver O. Over, Jr., for appellee Breed.

Cassem, Tierney, Adams & Henatsch, for appellees Glass Contractors, Inc., et al.

Heard before WHITE, C. J., SPENCER, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

SPENCER, J.

The issue involved in this appeal is whether apportionment of workmen's compensation benefits between successive employers is permitted in Nebraska. There is now no Nebraska statute or case authorizing or providing any formula for the apportionment of compensation benefits. The compensation judge and the district court apportioned the benefits between the two employers. Interstate Glass Company perfected this appeal. We reverse in part.

The plaintiff injured his back while working for Interstate Glass Company in 1964. He was paid some benefits at that time. On April 20, 1969, plaintiff again injured his back while working for Glass Contractors, Inc. The second injury was an aggravation of the first. Apportionment has been permitted in a few jurisdictions.

This is essentially a case of first impression in Nebraska. The applicable rule in the past is well delineated in Towner v. Western Contracting Corp. (1957), 164 Neb. 235, 82 N. W. 2d 253, and Snowardt v. City of Kimball (1962), 174 Neb. 294, 117 N. W. 2d 543. The rule deduced from these cases is that where there have been two injuries to an employee, the question of whether the disability sustained by him should be attributable to the first or to the second depends on whether or not the disability sustained was caused by the original injury or by an independent intervening cause. Where the first injury is not the proximate cause of the disability, the second injury constitutes an independent intervening cause.

The burden of proof is upon the claimant in a workmen's compensation case to establish by a preponderance of the evidence that personal injury was sustained

by the employee, arising out of and in the course of his employment. In this case, plaintiff's disability, as distinguished from his physical condition, resulted from the second injury. Consequently, the first injury was not the proximate cause of the disability. The second injury therefore constitutes an independent intervening cause, and the judgment as to Interstate Glass Company and National Union Insurance Companies should be reversed and the action dismissed.

The other question presented by Charles Eugene Breed, plaintiff, is the allowance of attorneys' fees in the district court, which had also been apportioned between the two employers. Section 48-125, R. R. S. 1943, provides, so far as material herein: "Whenever the employer refuses payment, or when the employer neglects to pay compensation for thirty days after injury, and proceedings are held before the compensation court, a reasonable attorney's fee shall be allowed the employee by the court. In the event the employer appeals to the district court from the award of the compensation court, or any judge thereof, and fails to obtain any reduction in the amount of such award, the district court may allow the employee a reasonable attorney's fee to be taxed as costs against the employer, and the Supreme Court shall in like manner allow the employee a reasonable sum as attorney's fees for the proceedings in that court."

Plaintiff *pro se* filed the action against both employers in the workmen's compensation court and did not secure counsel until the appeal was taken to the district court. The appeals herein were perfected by Interstate. Glass Contractors' Inc., offered no evidence in the compensation court, and in the action on appeal to the district court alleged that the award was correct and should be affirmed. The sole subject of its cross-appeal herein is the assessment of an attorneys' fee against it in the district court. On the record herein, the allowance of attorney's fees was improper and is reversed. In all other respects, the judgment for the plaintiff is affirmed

against Glass Contractors, Inc., and Employers Commercial Union Insurance Group.

Judgment reversed and dismissed as to Interstate Glass Company and National Union Insurance Companies. Allowance of attorneys' fees reversed. Judgment affirmed in all other respects against Glass Contractors, Inc., and Employers Commercial Union Insurance Group.

AFFIRMED IN PART, AND IN PART REVERSED
AND REMANDED WITH DIRECTIONS.

BOSLAUGH, J., participating on briefs.